BOARDMAN, Judge.
Herman Chambers, Jr. and two others were taken into custody and by information charged with robbery under Section 813.011, Florida Statutes, F.S.A. A jury trial resulted in a verdict of guilty. Appellant was sentenced to forty years, with credit for preconviction confinement.
Chambers successfully appealed this conviction and won a new trial.[1] This trial by jury likewise resulted in a verdict and judgment of guilty. Appellant again was sentenced to forty years of confinement in the state penitentiary and given credit for time spent in jail pending trial. This timely appeal followed.
Appellant first contends that the trial court erred in sentencing him to forty years imprisonment when it had offered him twenty-five years for a guilty plea prior to commencement of this second trial. It is urged that the effect of this was to penalize the appellant for his election to exercise his constitutional right to a jury trial, and violative of the spirit of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Counsel for appellant, through inadvertence, or otherwise, overlooked the fact that, taken in its total context, the statement by the trial judge, objected to by appellant, clearly indicates that the court, of its own volition and in an abundance of caution and prior to the commencement of the trial, was putting on the record the fact that it was advised of the state’s plea bargaining offer and its willingness to approve and accept it. The state’s offer obviously was not accepted by appellant. Such a statement for the record is eminently proper and correct.[2]
In any event, the law enunciated in Pearce, supra, has not been violated. Appellant was sentenced to forty years upon his conviction in the first trial and received the same sentence upon his conviction on retrial. The same judge sentenced him on both occasions. Consequently, we find no error here.
Appellant’s other point on appeal does have merit. At sentencing the trial judge pronounced:
. I will give you credit for all time that you have previously built before the appeal and, of course, up to the present time. .
This conforms to the-requirements of the law.[3] Notwithstanding the court’s intention to apply the correct law, the administrative paper work reflects that appellant has been given credit only from April 5, 1973, when, according to the record here, his confinement dates back to the early part of 1972.
Accordingly, we direct that the confinement orders be amended to conform with *754 the dictates of the trial judge, well established law and this decision.
Except as indicated above, the judgment and sentence is
Affirmed.
MANN, C. J., and HOBSON, J., concur.

. See Marshall v. State, Fla.App.2nd, 1973, 273 So.2d 412.

. See Rule 3.171(c), OPR, 33 F.S.A.

. Simmons v. State, Fla.App.2nd, 1969, 217 So.2d 343.