310 So.2d 55 (1975)
John William MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 73-905.
District Court of Appeal of Florida, Second District.
March 14, 1975.
James A. Gardner, Public Defender, Sarasota, and Richard W. Seymour, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Having carefully considered the record on appeal and the briefs and argument of counsel, we find that appellant has failed to demonstrate reversible error. The judgment appealed is, therefore, affirmed.
The cause must be remanded, however, because appellant was not fully credited for all the time he had spent in county jail awaiting trial, or the time served in state prison pursuant to his original conviction for the same offense.
Appellant was incarcerated on January 22, 1972, for the crime of robbery. He was tried, convicted and sentenced to forty years in prison, with credit for the time he had spent in county jail. Upon appeal, this court reversed the conviction and remanded the cause for a new trial. On April 4, 1973, appellant was returned to county jail for the retrial. At his second trial the jury was unable to reach a verdict and a mistrial was declared. Appellant was tried a third time, and upon conviction was sentenced to forty years, the trial judge directing that he be given credit for all time previously served. The sentence order specified that appellant would be given credit time since April 4, 1973, the date he was returned for retrial.
The cause is remanded to the trial court for the purpose of entering a *56 corrective sentence order giving appellant credit for all the time he had been incarcerated since January 22, 1972, specifying the period of time allowed. Chambers v. State, Fla.App.2d 1974, 293 So.2d 752; North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; Grine v. State, Fla.App.2d 1974, 301 So.2d 122; § 921.161(1) F.S. This action may be taken by the trial court without the appellant appearing before the court.
The judgment is affirmed and the cause is remanded with directions.
BOARDMAN and GRIMES, JJ., concur.