339 So.2d 655 (1976)
Stanley Anthony LEVITZ, Appellant,
v.
STATE of Florida, Appellee.
No. 49242.
Supreme Court of Florida.
November 18, 1976.
*656 Rex Ryland, Jr., Coconut Grove, for appellant.
Robert L. Shevin, Atty. Gen., and Donna H. Stinson, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
This cause is before us on direct appeal to review the judgment of the County Court in and for Dade County which inherently passes on the constitutionality of Section 318.14(5), Florida Statutes. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution. Cf. Demko's Gold Coast Trailer Park v. Palm Beach County, 218 So.2d 745 (Fla. 1969), Ogle v. Pepin, 273 So.2d 391 (Fla. 1973).
On November 6, 1975, appellant was charged with unlawful speed in violation of Section 316.181, Florida Statutes, was furnished a copy of the summons and was given an instruction sheet entitled "Notification To Individual Charged With Traffic Infraction" which notified appellant that he could either comply with Section 318.14(4), Florida Statutes, or Section 318.14(5), Florida Statutes, that is to say he could pay the $25.00 fine or he could request a hearing *657 and be subject to a penalty not to exceed $500.00
Appellant filed a motion for declaration of the unconstitutionality of Section 318.14(5), Florida Statutes, on the ground that it subjected him to a greater penalty when he exercised his right to confront witnesses against him. This motion was denied by the County Court.
After hearing, he was found guilty of the charge of speeding and fined $25.00 plus $5.00 plus $1.00 plus $1.00, the cost of the proceedings.
Section 318.14(5), Florida Statutes, provides:
"Any person electing to appear before the designated official or who is required so to appear shall be deemed to have waived his right to the civil penalty provisions of § 318.18. The official, after a hearing, shall make a determination as to whether an infraction has been committed. If the commission of an infraction has been proven, the official may impose a civil penalty not to exceed $500 or require attendance at a driver improvement school, or both."
We cannot agree with appellant that the challenged statute violates his constitutional rights to due process and equal protection of the law.
By Chapter 318, the Legislature sought to decriminalize certain violations of Chapters 316, 325, part II, 339, 239 and 340, to facilitate implementation of a more uniform and expeditious system for the disposition of traffic infractions. See Section 318.12, Florida Statutes. Pursuant to the provisions of Section 318.14, Florida Statutes, one charged for any infraction enumerated therein may either pay the civil penalty established by Section 318.18, Florida Statutes, or request a full hearing to contest the citation. Chapter 318, Florida Statutes, does not deprive appellant of his due process right to a full and fair hearing but rather avails him of an alternative more expedient method of complying with the law by merely paying a previously statutorily determined fine.
Appellee, State, contends that in effect Chapter 318.14, Florida Statutes, provides for a type of plea bargaining, a principle not only upheld but also encouraged by the Courts. As was stated by the Second District Court of Appeal in Chambers v. State, 293 So.2d 752 (Fla.App. 2, 1974), for the trial judge to impose a greater sentence after trial than was agreed upon in a plea bargaining agreement if appellant would plead guilty did not penalize appellant for his election to exercise his constitutional right to a jury trial. Pursuant to the challenged statute, there is no question as to the terms of the agreement, if one pays the $25.00 fine he will be deemed to have complied with the law.
If one pleads not guilty and requests a hearing under Chapter 318, Florida Statutes, at the hearing the commission of the charged infraction must be proved beyond a reasonable doubt. Section 318.14(6), Florida Statutes.
In Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), wherein appellant challenged the constitutionality of the greater sentence he received in his trial de novo under Kentucky's two-tier system for adjudicating certain criminal cases (whereby a person charged with a misdemeanor may be tried first in an inferior court and, if dissatisfied with the outcome, may have a trial de novo in a court of general criminal jurisdiction but must run the risk, if convicted, of receiving a greater punishment) on the ground that it violated due process requirements, the Supreme Court upheld the constitutionality of Kentucky's two-tier system and imposition of the greater sentence and opined:
"In reality his choices are to accept the decision of the judge and the sentence imposed in the inferior court or to reject what in effect is no more than an offer in settlement of his case and seek the judgment of judge or jury in the superior court with sentence to be determined by the full record made in that court. We cannot say that the Kentucky trial de novo system, as such, is unconstitutional... ."
*658 The State posits that by Chapter 318, Florida Statutes, the State merely grants an "offer in settlement" to one charged with a "noncriminal traffic infraction."
It is undisputed that if one chooses to contest a traffic citation all constitutional guaranteed due process rights are available to him.
This Court finds that Section 318.14(5), Florida Statutes, is constitutional and not violative of due process guarantees or equal protection of the law.
Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND and HATCHETT, JJ., concur.
SUNDBERG, J., dissents.