345 So.2d 1069 (1977)
STATE of Florida, Appellant,
v.
Beverly T. JOHNSON, Appellee.
No. 50581.
Supreme Court of Florida.
March 17, 1977.
*1070 Robert L. Shevin, Atty. Gen., and Sydney H. McKenzie, III, Chief Trial Counsel, Tallahassee, for appellant.
Harold D. Lewis and Stephen C. Reilly, of Lewis, Lewis & Williams, P.A., Tallahassee, for appellee.
ADKINS, Judge.
This is a direct appeal from the County Court of Leon County which held that Chapter 318, Florida Statutes, is unconstitutional. We have jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
Chapter 318, Florida Statutes, which became effective on January 1, 1975, had as its stated purpose the "decriminalization" of certain violations of various motor vehicle and traffic statutes, thereby facilitating the implementation of a more uniform and expeditious system for the disposition of traffic offenses. Section 318.12, Florida Statutes. The legislature recognized that a large number of motor vehicle offenses do not involve a high risk of harm to others or damage to property. These offenses could be dealt with informally in an administrative manner by the judge so as to reduce cost to the state and the offender. The removal of imprisonment as a possible penalty does away with the requirement of court-appointed counsel for indigents. Under this procedure, the judge is free to discuss the individual problem of the offender so as to guide him toward driver improvement and safety programs. The over-crowded facilities of jails can now be utilized for persons convicted of more serious offenses. The proceedings are civil in nature.
The appellee Johnson was issued a uniform traffic citation for violation of a noncriminal traffic offense. A motion to dismiss was filed attacking the constitutionality of Chapter 318, Florida Statutes. The court proceeded to hear testimony and made a finding of fact that appellee was traveling 45 miles per hour in a 35 mile posted zone. The court then granted the motion to dismiss on the ground that Chapter 318, Florida Statutes, was unconstitutional. The State has appealed.
The trial court ruled that Chapter 318, Florida Statutes, is violative to the right to due process as guaranteed by the State and Federal Constitutions. The primary thrust of appellee's argument is that due process is denied when the hearing official is the prosecutor, defender and finder of fact. Appellee says this results in the lack of a fair and impartial hearing.
It was the purpose and intent of the legislature in enacting Chapter 318 to provide a forum that could consider problems involving minor traffic infractions in an informal fashion without the necessity of applying the strictness and technicalities that often accompany routine litigation. *1071 The hearing is conducted in an informal manner by a judge without a jury. This is similar to the procedure in juvenile court, as described in F. & F. v. Duval County, 273 So.2d 15 (Fla. 1st DCA 1973), cert. den. 283 So.2d 564 (Fla. 1974).
This contention of appellee is contrary to the great weight of authority as discussed in 1 Am.Jur.2d, Administrative Law, § 78, p. 873. The combination of inquiry and judicial functions has never been held to violate due process. In such situations the courts point out that the hearing officer must be zealous in the recognition and preservation of the right to a hearing by an impartial trier of fact. If the authorities recognize that an administrative officer can constitutionally perform these duties, certainly a judge, guided by the Canons of Judicial Conduct, may also make inquiry and perform judicial functions. See State v. Sinner, 207 N.W.2d 495 (S.Ct. N.D. 1973). In searching for truth, inquiry is a part of judicial functions.
Appellee also says that the absence of a prosecuting officer violates due process, but cites no case which asserts that the absence of a prosecutor violates her due process rights to a timely and meaningful hearing. There is nothing constitutionally prejudicial about a hearing official handling a noncriminal traffic infraction without a prosecutor being present to move the case forward. The proceedings partake of an inquiry rather than a prosecution.
Appellee takes the position that a violation of the constitutional requirement of the separation of powers among branches of government (Article II, Section 3, Florida Constitution) is violated when a judicial officer acts as a prosecutor officer.
The rules of procedure require the judge to exercise only the judicial function. If the offender disputes the infraction, the judge is required to explain the purpose and procedure of the hearing and the rights of the offender. The law enforcement officer who issued the citation must be sworn and testify. The offender or counsel must be allowed to pose questions. An opportunity is given the offender to offer sworn testimony and the judge must allow each witness to be questioned by the offender or his counsel. Finally, the offender or counsel must be permitted to make a statement in the nature of the closing argument. These duties imposed upon the judge are judicial in nature in that they are incidental to his authority to hear and determine the justiciable controversy. It is the fundamental and general duty of a judge to patrol the orderly process and progress of any cause over which he presides in such a manner that justice under the law may prevail. Crews v. Warren, 157 So.2d 553 (Fla. 1st DCA 1963); Watson v. State, 190 So.2d 161 (Fla. 1966).
Separation of powers does not mean that every governmental activity be classified as belonging exclusively to a single branch of government. 1 Am.Jur., Administrative Law, § 76; State v. Atlantic Coastline Railroad Co., 56 Fla. 617, 47 So. 969, 975 (1908).
This Court in State v. Atlantic Coastline Railroad Co., supra, 47 So. at 975, stated:
"In construing, interpreting, and applying the Constitution of the state, the guiding star should be to effectuate its primary purpose, viz., the welfare of the people in the preservation and exercise of the rights of sovereignty and of individuals. The division of governmental powers into Legislative, executive, and judicial is abstract and general, and is intended for practical purposes. There has been no complete and definite designation by a paramount authority of all the particular powers that appertain to each of the several departments. Perhaps there can be no absolute and complete separation of all the powers of a practical government... .
"A clear violation of the constitutional provisions dividing the powers of government into departments should be checked and remedied; but where a reasonable doubt exists as to the constitutionality of a statute conferring power, authority, and duties upon officers, the legislative will should be enforced by the courts to secure orderly government and in deference *1072 to the Legislature, whose action is presumed to be within its powers, and whose lawmaking discretion within its powers is not reviewable by the courts. .. .
"Where a duly enacted statute confers upon officials authority that is not in its nature exclusively and purely a legislative, executive, or judicial power, and it can fairly be done to accomplish a valid legislative purpose, such authority may be construed as an administrative duty rather than as a governmental power."
The statute does not violate the constitutional requirement of separation of powers among the branches of government, as expressed in Article II, Section 3, Florida Constitution.
In Levitz v. State, 339 So.2d 655 (Fla. 1976), the offender attacked the constitutionality of Chapter 318.14(5), Florida Statutes, on the ground that it subjected him to a greater penalty when he exercised his right to confront witnesses against him. We said:
"We cannot agree with appellant that the challenged statute violates his constitutional rights to due process and equal protection of the law.
"By Chapter 318, the Legislature sought to decriminalize certain violations of Chapters 316, 325, part II, 339, 239 and 340, to facilitate implementation of a more uniform and expeditious system for the disposition of traffic infractions. See Section 318.12, Florida Statutes. Pursuant to the provisions of Section 318.14, Florida Statutes, one charged for any infraction enumerated therein may either pay the civil penalty established by Section 318.18, Florida Statutes, or request a full hearing to contest the citation. Chapter 318, Florida Statutes, does not deprive appellant of his due process right to a full and fair hearing but rather avails him of an alternative more expedient method of complying with the law by merely paying a previously statutorily determined fine.
* * * * * *
"It is undisputed that if one chooses to contest a traffic citation all constitutional guaranteed due process rights are available to him.
"This Court finds that Section 318.14(5) Florida Statutes, is constitutional and not violative of due process guarantees or equal protection of the law." At 657-58.
There is no record support for the contention that the statute was unconstitutionally applied.
The other objections to the statutes relating to an alleged conflict with the Integration Rule of The Florida Bar and the Code of Judicial Conduct are without merit and do not warrant a discussion.
The judgment of the trial court is reversed.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and DREW (Retired), JJ., concur.