355 So.2d 870 (1978)
James Bernard WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1128.
District Court of Appeal of Florida, Second District.
March 8, 1978.
Jack O. Johnson, Public Defender, Victoria J. Powell, Asst. Public Defender, and Lawrence D. Shearer, Legal Intern, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant filed a motion to correct his sentence pursuant to Fla.R.Crim.P. 3.850, contending he had not been given credit for all the time he had spent in jail prior to imposition of his sentence. The trial court denied the motion without an evidentiary hearing. We reverse.
Appellant was originally charged with grand larceny on October 18, 1974. On March 18, 1975, he pled guilty pursuant to a plea bargain, the trial judge stating that appellant would be placed on probation for three years with the special condition that he serve the first year in jail "with credit for time served." The order placing appellant on probation, however, recited no such special condition but contained a note at the top which read: "Presently serving one year County Jail." Nowhere in this order was there any mention of credit for time served.
On April 21, 1975, an affidavit and warrant were filed charging appellant with having violated his probation by escaping from jail on March 25, 1975. At that point, appellant was still at large, but he was eventually apprehended. At a hearing held on August 27, 1975, the probation violation charge was dropped in exchange for his plea of guilty to the substantive charge of escape that had also been brought against him. At that hearing appellant informed the court that he had been free for about three months as a result of his escape.
In September and October of 1975, appellant was charged with further probation violations. After a hearing held on November 4, 1975, the trial court revoked appellant's probation and sentenced him to five years in prison with credit for 117 days served in jail. The 117 days credit was apparently awarded pursuant to a memorandum from the sheriff's office indicating *871 that appellant had served that many days in jail.
On appellant's direct appeal, this court affirmed; Wright v. State, 338 So.2d 850 (Fla.2d DCA 1976). Appellant subsequently filed the instant motion alleging, inter alia, that the trial court had failed to give him credit for the time he spent in jail from his arrest to the entry of his guilty plea to the original charge.
Appellant's allegation is not conclusively refuted by the record. It may well be, as appellant claims, that the 117 days for which he was given credit cover only the period between his return to jail after his escape and the revocation of his probation. Appellant is entitled to credit for all of the time he spent in jail prior to sentencing on this offense; Section 921.161(1), Florida Statutes (1975); Marshall v. State, 310 So.2d 55 (Fla. 2d DCA 1975); including the time he spent in jail as a condition of his probation; State v. Jones, 327 So.2d 18 (Fla. 1976).
Accordingly, the order denying appellant's motion is vacated and the cause remanded with directions to hold an evidentiary hearing to determine and award to appellant the total amount of credit time to which he is entitled.
BOARDMAN, C.J., and HOBSON and DANAHY, JJ., concur.