362 So.2d 457 (1978)
Charles Otho DALTON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 77-1378.
District Court of Appeal of Florida, Fourth District.
September 13, 1978.
Richard L. Jorandby, Public Defender, Frank B. Kessler and Tatjana Ostapoff, Asst. Public Defenders, and William H. Larkins, Legal Intern, West Palm Beach, for appellant.
*458 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles A. Stampelos, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
The appellant, Charles Otho Dalton, Jr., contends that the trial court erred in refusing to allow him credit against his sentence for time spent in a state mental hospital. We disagree and affirm.
Dalton was arrested on December 28, 1965, and subsequently charged with first degree murder. Prior to trial he was lodged in the Indian River County jail. Upon trial, he was convicted, sentenced to death, and transferred to the state prison at Raiford. He was returned to the county jail when a new trial was ordered by the Supreme Court.
Dalton then filed a motion claiming that he was not mentally competent to stand trial. On February 16, 1968, the trial court entered an order finding Dalton mentally incompetent and ordering him committed for treatment at a state mental hospital. Another competency hearing was conducted on July 14, 1976, after which an order was entered again finding Dalton incompetent and confirming his commitment. Finally, on March 17, 1977, after a hearing on competency, Dalton was adjudicated sane, mentally competent to stand trial and was returned to the county jail.
Dalton entered a plea of guilty to second degree murder on April 28, 1977, and was adjudged guilty and sentenced to life imprisonment on the same day. The trial court allowed credit for all time spent in the county jail or state prison but denied his request for credit for time spent in the state mental hospital.
In Dorfman v. State, 351 So.2d 954 (Fla. 1977), the Florida Supreme Court framed the issue involved on appeal as:
[W]hether one sentenced to a prison term after he has spent time in a state mental hospital under a court committal order must be given credit against his sentence for the time spent in hospital confinement.
This question was answered in the negative by the Supreme Court's decision. Justice England expressed the court's reasoning as follows:
It is convenient rhetoric to say, as Dorfman argues, that incarceration is incarceration whether spent in a jail cell or a hospital. There is an obvious difference, however, between confinement in a prison (or in a prison infirmary during a period of imprisonment), as part of a criminal sentence, and a period of treatment in a mental hospital for the purpose of helping the individual to return to society.
351 So.2d 954 at 957.
Dalton contends that Dorfman is not applicable because Dorfman was hospitalized as a mentally disordered sex offender, a commitment related to Dorfman's conviction, whereas here the commitment was unrelated to the charges pending against Dalton. We cannot agree that this distinction requires a different result. If anything, there would seem to be more justification for crediting time spent in a commitment related to the offense, than for crediting time spent in a completely unrelated commitment.
The adjudication of incompetency and commitment were the result of Dalton's own motion claiming that he was incompetent to stand trial. The purpose of the commitment was to treat Dalton's mental illness and to return him to a state of mental competency so he would be capable of standing trial. The standards used to determine the competency of a defendant are essentially the same as those used in civil commitment proceedings. Daniels v. O'Connor, 243 So.2d 144 (Fla. 1971); Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Just as in Dorfman, supra, the prosecution of a defendant adjudicated incompetent, is suspended during the time he is committed.
We believe the decision in Dorfman is controlling here. Accordingly, the judgment *459 and sentence of the trial court are affirmed.
AFFIRMED.
DAUKSCH, J., and BASKIN, NATALIE, Associate Judge, concur.