### MONOCANDILOS v. STATE.
No. 78-139-AC.

Circuit Court, Dade County, Criminal Appeal.

October 23, 1978.

Franklin D. Kreutzer, Miami, For the appellant.

Janet Reno, State Attorney, Milton Robbins, Assistant State Attorney for the appellee.

ARDEN M. SIEGENDORF, Circuit Judge.

May a county court judge compel an unwilling defendant to produce his driver's license for the purpose of identification at a traffic infraction hearing? This intriguing constitutional question is presented here but not decided because evidentiary considerations require reversal in the instant case, *Green v. Peters*, 140 So.2d 601 (Fla. 1962).

The facts are not in dispute. The sole witness at the hearing below was a police officer who was unable to identify the defendant as the driver of the vehicle to whom he had issued the citation for imporper lane change. Undaunted, the trial judge, over the strenuous objection of defense counsel on Fourth and Fifth Amendment grounds, ordered defendant to produce his driver's license. The trial judge then compared the license to the traffic citation, found the information contained thereon to be similar and without showing the license to the police officer, returned same to defendant.

Defense counsel moved for judgment of acquittal upon the failure of the officer to identify defendant and upon the additional ground of no venue having been established. The trial judge denied the motion finding the identification legally sufficient but reopened the hearing to ask the officer if the incident occurred in Dade County. The defendant was thereupon fined $20 plus costs which was paid "under protest." This appeal followed.

The defendant contends, inter alia, that the trial judge required him to testify against himself and violated his rights, against self-incrimination and freedom from an illegal search and seizure. The state responds in its brief *"This is no criminal case"* and "this was not a criminal prosecution and the constitutional provisions apply only to criminal matters or criminal prosecutions."

While it is true that traffic infraction hearings may be conducted in an informal manner by a judge without a jury, *State v. Johnson*, 345 So.2d 1069 (Fla. 1977), it is also true that due process there applies. Furthermore, the statute in the case at bar and the decisional law requires that the commission of the charged infraction must be proved beyond a reasonable doubt. §318.14(6), Fla. Stat.; *Levitz v. State*, 339 So.2d 655 (Fla. 1976).

Applying the above principles to the case at bar, it was clearly within the trial judge's discretion to reopen the case to receive further testimony regarding venue. *Hughes v. State*, 61 Fla. 32, 55

So. 463 (1911). However, assuming arguendo, although not deciding, the trial judge could constitutionally require the production of the license, [see *People v. Klepper*, 302 N.Y.S. 2d 555 (1969) and *Jordan Chapel Freewill Baptist Church v. Dade Co.*, 334 So.2d 661 (Fla. 3rd DCA 1976)], it in no way proved beyond a reasonable doubt that the *defendant* was the person who was the alleged offender. While the same license may have been involved, without the police officer's testimony that the license produced in court refreshed his memory as to the driver's identity in some fashion, the defendant should have been acquitted of the traffic charge.

Accordingly, it is ordered and adjudged that the order appealed dated April 28, 1978, is reversed and the cause is remanded to the county court with instructions to vacate said order and return to defendant, Iordanis Monocandilos, the fine and costs paid under protest.

Concurring: NESBITT, STETTIN, JJ.