GRIMES, Chief Judge.
Appellant pled guilty to aggravated assault. There was no plea bargain involved. The court adjudicated him guilty and sentenced him to a term of six to eighteen months in prison. It then suspended the sentence, except for time served, and placed him on probation for three years. Thereafter, but within the probation period, appellant pled guilty to a violation of his probation. The court revoked probation and committed him as a mentally disordered sex offender. Following treatment by the Department of Health and Rehabilitative Services, the court sentenced him to three years in prison with credit for time spent in jail.
On appeal, appellant contends that the court could not incarcerate him for a period in excess of the original six to eighteen month term. He first points to cases which hold that Florida courts no longer have the inherent authority to suspend the imposition of one’s sentence and hold it over him pending good behavior. State v. Bateh, 110 So.2d 7 (Fla.1959); Helton v. State, 106 So.2d 79 (Fla.1958). Thus, he argues that once he was sentenced to six to eighteen months, any attempt by the court to suspend sentence and impose probation was a nullity. He therefore reasons that the court can now imprison him only according to the original sentence.
Appellant’s entire argument ignores the clear import of Sections 948.01(3) and 948.-01(4), Florida Statutes (1979), which provide that a court may suspend some or all of a defendant’s sentence in order to place him *1236 on probation. While the court could have withheld the imposition of any . sentence whatsoever when it placed appellant on probation, the fact that the court imposed and then suspended a sentence did not affect the validity of the probation.
In State v. Holmes, 360 So.2d 380 (Fla.1978), the supreme court answered the next question appellant poses as to whether the trial judge could sentence him upon the violation of his probation to more than the term of the original suspended sentence. There, the trial court sentenced two defendants to three years in prison, suspended one and one half years of the sentences and imposed four year probation terms. It sentenced the third defendant to five years incarceration, suspended two years and imposed four years probation. The Fourth District Court of Appeal held that the combined prison and probationary periods could not exceed the maximum five year sentence authorized for the crime charged and reduced the probationary periods accordingly. Holmes v. State, 343 So.2d 632 (Fla.4th DCA 1977). In the course of approving that decision, the supreme court went on to point out that if the trial court subsequently revoked probation, it could impose any sentence which it could have originally imposed minus any jail time previously served as part of the sentence.
The difference between the position of appellant and that of the defendants in Holmes is that the court suspended appellant’s entire sentence whereas Holmes’ defendants received only a partial suspension. Nevertheless, the effect of the supreme court’s decision with respect to two of the three Holmes' defendants was that if they violated their probation they could receive sentences which would exceed the total time of the original sentences imposed upon them. Hence, there was nothing to preclude the court in the present case from sentencing appellant to a term of three years which was well within the maximum prescribed by statute for the offense of aggravated assault. Sections 784.021, 775.-082, Florida Statutes (1979).
Finally, appellant contends that the court should have given him credit for the period of time he was in custody pursuant to his commitment as a mentally disordered sex offender under Chapter 917. We agree. Section 917.014(1), Florida Statutes (1979). See Hall v. State, 358 So.2d 891 (Fla. 2d DCA 1978).
Accordingly, we affirm the judgment but remand the cause with directions that the court give appellant credit for the time he spent in the mentally disordered sex offender program.
SCHEB and RYDER, JJ., concur.