PER CURIAM.
On this appeal, Louis Ray Ault seeks credit for the time he spent in jail prior to being placed on probation. He also seeks credit for the time he spent at North Florida Evaluation and Treatment Center, Department of Health and Rehabilitative Services. We agree that he is entitled thereto and remand for correction of his sentence.
Appellant was charged with sexual battery in violation of section 794.011(5), Florida Statutes (1979). He pled nolo conten-dere and on June 20, 1980 was sentenced to ten years on probation with the special condition that he be committed to the North Florida Evaluation and Treatment Center for an indefinite period for treatment as a sex offender. While still at the treatment center, he was charged with violating his *148 probation. He was subsequently adjudicated guilty and sentenced to twelve years in prison, less credit of 108 days spent in the county jail since April 7, 1981.
Ault alleges that the trial court failed to give him credit for the time he spent in jail from the date of his initial arrest to the time of his commitment to the North Florida Evaluation and Treatment Center on June 20,1980. Appellant is entitled to credit for all the time he spent in jail prior to sentencing on his offense. Wright v. State, 355 So.2d 870 (Fla. 2d DCA 1978).
Additionally, appellant contends that the court should have given him credit for the period of time he was in custody in the sex offender treatment program at North Florida Evaluation and Treatment Center. We agree. Section 917.014(1), Florida Statutes (1981). See Hall v. State, 358 So.2d 891 (Fla. 2d DCA 1978); McGuirk v. State, 382 So.2d 1235 (Fla. 2d DCA 1980).
We find Ault’s other point to be without merit. Accordingly, the judgment is AFFIRMED, but the cause is REMANDED with directions to give Ault credit for the total amount of time to which he is entitled. Appellant need not be present at time of correction of sentence.
GRIMES, Acting C. J., and RYDER and DANAHY, JJ., concur.