515 So.2d 400 (1987)
Arthur O'Derrell FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. BS-52.
District Court of Appeal of Florida, First District.
November 13, 1987.
Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, for appellant.
No appearance for appellee.
NIMMONS, Judge.
We affirm the judgments and sentences but remand for correction of the amount of credit for time served.
Appellant was initially convicted and sentenced for the commission of five felony offenses. In Franklin v. State, 476 So.2d 1346 (Fla. 1st DCA 1985), the sentences were vacated and the case was remanded for resentencing because of the trial court's failure to comply with the requirements of Section 39.111(6), Florida Statutes, relating to the imposition of adult sentences upon juveniles.
A second sentencing hearing was conducted at which the trial court imposed the same concurrent adult sentences upon appellant, each sentence reflecting two years and 171 days credit.[1] In Franklin v. *401 State, 498 So.2d 1035 (Fla. 1st DCA 1986), the sentences were again reversed and the case remanded for resentencing because the record did not contain a written statement of reasons justifying the imposition of adult sanctions as required by Section 39.111(6).
A third sentencing hearing was held January 30, 1987. The same concurrent adult sentences were imposed, each sentence reflecting the same amount of credit as was reflected in the second round of sentences, namely, two years and 171 days. The trial judge entered an order setting forth his reasons justifying the imposition of adult sanctions in accordance with the requirements of Section 39.111(6).
Although more than a year passed between the second and the third round of sentences, the latter sentences provide for the same amount of jail credit as was provided for in the second round of sentences. Appellant is entitled to have the full amount of jail credit through the date of the last sentencings specified in his sentences. See Section 921.161(1), Florida Statutes (1985), and Marshall v. State, 310 So.2d 55 (Fla. 2d DCA 1975). Further, since all of the sentences are concurrent, the full amount of credit must be specified with respect to each sentence. Daniels v. State, 491 So.2d 543 (Fla. 1986).
Accordingly, this case is remanded with directions that the sentences be amended to provide for the correct amount of credit for jail time served by the appellant.
REMANDED.
MILLS and ERVIN, JJ., concur.
NOTES
[1] In the original sentences, the defendant was allowed 309 days jail credit. The additional credit provided for in the second round of sentences took into account the time served between the original sentences and the second round.