410 So.2d 976 (1982)
Henry James DENARD, a/K/a Henry Lowe, Appellant,
v.
STATE of Florida, Appellee.
No. 81-751.
District Court of Appeal of Florida, Fifth District.
March 10, 1982.
*977 James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
A defendant must file a notice of appeal in a criminal case between rendition of the final judgment and thirty days following the entry of a written order imposing sentence. Fla.R.App.P. 9.140(b)(2). The notice of appeal in this case was filed on June 10, 1981, thirty-two days after the corrected judgment and sentence and approximately two and one-half months after the original judgment and sentence, and was, accordingly, not timely filed.
Effective January 1, 1981, Florida Rule of Criminal Procedure 3.590 was amended to provide that motions for new trial or in arrest of judgment "may be made within 10 days after the rendition of the verdict or the finding of the court." In re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980). The verdict in this cause was rendered on January 20, 1981. The tenth day thereafter was January 30, a Friday. Both appellant's motion for new trial and his motion in arrest of judgment were filed on February 2, thirteen days after rendition of verdict. Since the motion for new trial was not timely, it was insufficient to delay rendition for purposes of filing a notice of appeal. Fla.R.App.P. 9.020(g). Therefore, the untimely motion for a new trial did not cause the rendition of the final judgment to be postponed beyond the original time limitation of thirty days following entry of the written order imposing sentence. This court has no jurisdiction to hear this appeal and the trial judge's order purporting to delay rendition of the judgment and sentence until disposition of the motion for a new trial is ineffective to accomplish that purpose and to vest this court with jurisdiction. Accordingly, this appeal is
DISMISSED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.