ON MOTION TO DISMISS APPEAL
ORFINGER, Judge.
The State moves to dismiss this appeal, contending that we lack jurisdiction because the notice of appeal was not timely *134 filed. We agree that we lack jurisdiction and dismiss the appeal.
On May 12, 1988, at the conclusion of a violation of probation hearing, the trial court found defendant guilty of such violation, signed the order revoking probation and sentenced defendant on the original charge to 25 years’ incarceration. On May 24, 1988, defendant filed a motion for new trial. Judgment and sentence were entered May 81, 1988; the order denying the motion for new trial was entered July 25, 1988; and notice of appeal was filed on August 11, 1988. Unless the motion for new trial delayed rendition[1] of the judgment and sentence until that motion was disposed of on July 25, 1988, the notice of appeal is untimely. The State contends that the motion for new trial was not timely filed, so that the rendition of the judgment was its entry date of May 31, 1988, making the notice of appeal, filed more than 30 days thereafter on August 11, 1988, too late to confer jurisdiction on this court.
Florida Rule of Criminal Procedure 3.590(a) provides:
A motion for new trial or in arrest of judgment, or both, may be made within ten days after the rendition of the verdict or the finding of the court. A timely motion may be amended to state new grounds without leave of court prior to expiration of the 10-day period, and in the discretion of the court at any other time before the motion is determined.
“[T]he finding of the court contemplated by the Rule is the adjudication of guilt by the court in a non-jury trial. That is to say, the finding of the court in a non-jury trial is the equivalent of the rendition of the verdict in a jury trial.” Costello v. State, 246 So.2d 752 (Fla.1971). In jury trials, the rendition of the verdict, which triggers the start of the ten day period for filing a motion for new trial, occurs when the verdict is announced and entered of record. Fla.R.Crim.P. 3.440. Similarly, in the non-jury setting, the court’s finding of guilt starts the ten day period running.
In the instant case, the time for filing the motion for new trial began running May 12th when the trial court announced its finding that defendant was guilty of violating his probation. Because the ten day period ended on Sunday, May 22, 1988, defendant had until Monday, May 23rd to timely file his motion. See Fla.R. Crim.P. 3.040 (“The last day of the period so computed shall be counted, unless it is a Saturday, Sunday or legal holiday, in which event the period shall run until the end of a next day which is neither a Saturday, Sunday or a legal holiday”). Defendant’s motion was not filed until May 24, one day late. Because it was not timely, the motion for new trial did not delay rendition of the judgment and sentence for purposes of filing a notice of appeal. See Fla.R.App.P. 9.020(g); Denard v. State, 410 So.2d 976 (Fla. 5th DCA 1982). The notice of appeal, filed August 11, was not filed within the 30 day period following the rendition of the judgment and sentence and thus this court lacks jurisdiction to hear the appeal.
APPEAL DISMISSED.
DAUKSCH and COWART, JJ., concur.

. "Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing ... the order shall not be deemed rendered until disposition thereof.” Fla.R.App.P. 9.020(g).