PER CURIAM.
Petitioner seeks a writ of habeas corpus to secure belated appeal. A show cause order issued and state files a response which shall be construed as a motion to dismiss. The motion to dismiss is denied.
Petitioner sought belated appeal alleging his attorney failed to file a notice of appeal although he was instructed to do so. Respondent argues that petitioner’s claim is one of ineffective assistance of trial counsel, cognizable only under Rule 3.850, Florida Rules of Criminal Procedure. A motion pursuant to Rule 3.850 must be made before the trial court where the alleged error occurred. Richardson v. State, 546 So.2d 1037 (Fla.1989); Smith v. State, 400 So.2d 956 (Fla.1981); Knight v. State, 394 So.2d 997 (Fla.1981). Respondent suggests that the petition for writ of habeas corpus should be dismissed without prejudice to petitioner’s right to seek relief under Rule 3.850.
The response shall be construed as a motion to dismiss and denied. The use of a petition for writ of habeas corpus as a means for seeking belated appeal has been authorized by the supreme court. Baggett v. Wainwright, 229 So.2d 239 (Fla.1969); Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967); State v. Meyer, 430 So.2d 440 (Fla.1983). The cases cited by respondent do not establish that the use of the *1193 writ to seek belated appeal has been supplanted by Rule 3.850.
The motion to dismiss is denied. Respondent shall file a response within ten days which addresses the substantive issue of entitlement to belated appeal.
SHIVERS, C.J., and SMITH and NIMMONS, JJ., concur.