569 So.2d 439 (1990)
STATE of Florida, Petitioner,
v.
DISTRICT COURT OF APPEAL OF FLORIDA, FIRST DISTRICT, Respondent.
No. 75563.
Supreme Court of Florida.
November 1, 1990.
*440 Robert A. Butterworth, Atty. Gen., and James W. Rogers, Bureau Chief-Criminal Appeals, Asst. Atty. Gen., Tallahassee, for petitioner.
Douglass B. Shivers, Chief Judge, First Dist. Court of Appeal, Tallahassee, for respondent.
Barbara M. Linthicum, Public Defender, and Michael J. Minerva, Asst. Public Defender, Tallahassee, responding on behalf of Walter William Graham and Norman B. Williams.
GRIMES, Justice.
The state files this petition for a writ of prohibition directed to the First District Court of Appeal. We have jurisdiction under article V, section 3(b)(7) of the Florida Constitution.
William Navarre was convicted of second-degree murder in the Circuit Court of the Second Judicial Circuit of Florida. He did not appeal his conviction and sentence within the requisite time. Thereafter, he filed a petition for habeas corpus in the First District Court of Appeal seeking a belated appeal. He asserted that his private counsel was ineffective for not timely filing a notice of appeal as he had requested. The district court of appeal ordered the State of Florida to show cause why relief should not be granted. The state responded by arguing that claims for ineffective trial counsel are cognizable only under Florida Rule of Criminal Procedure 3.850 by the filing of a motion in the trial court where the alleged error occurred. The state contended that the petition should be dismissed without prejudice to Navarre's right to file a claim under that rule in the trial court. The appellate court construed the state's response as a motion to dismiss, denied the motion, and ordered the state to file a response addressing the "substantive issue of entitlement to belated appeal." Navarre v. State, 556 So.2d 1192, 1193 (Fla. 1st DCA 1990). The state now seeks to prohibit the district court of appeal from going forward with the motion for habeas corpus.
The district court of appeal responds that it is following the procedure announced by this Court in Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), writ discharged, 235 So.2d 486 (Fla. 1970). In Baggett, the petitioner alleged that he had been represented during trial by privately employed counsel but was unable to retain that counsel for purposes of appealing his conviction because he had become indigent. He said that he and his trial counsel informed the judge of this and that the judge advised them that the appeal was to be handled by the public defender. Subsequent communication with the public defender revealed that the appeal had never been filed. The petition was premised on the theory that because of state action, the petitioner was deprived of the assistance of counsel for the purpose of appealing his conviction. We held that habeas corpus was the proper remedy and directed that if factual determinations were deemed necessary, the appropriate district court of appeal could appoint a commissioner to make the necessary factual determinations. This theory of state action was extended in Costello v. State, 246 So.2d 752 (Fla. 1971), to permit a defendant, who contended that his court-appointed attorney failed to timely file a notice of appeal, to follow the same procedure.
Further, in State v. Wooden, 246 So.2d 755 (Fla. 1971), this Court rejected a suggestion by the First District Court of Appeal that when an indigent defendant had been deprived of his right of appeal by the conduct of his counsel it was more appropriate to file a motion for postconviction relief than to file a petition for writ of *441 habeas corpus. The Court reasoned that a trial judge does not have authority to grant a delayed appeal because his order would not be binding upon the appellate court.
In response to the contention that the district court of appeal was simply following the precepts of Baggett and succeeding cases, the state points out that the remedial procedures set forth in these cases were grounded upon the proposition that the defendants had been prejudiced by state action. However, this theory of state action was later revisited in State v. Meyer, 430 So.2d 440 (Fla. 1983), in light of the holding in Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), that the actions of a public defender did not constitute state action. Meyer held that the failure of an attorney, even though he is court appointed, does not constitute state action. However, the court pointed out that the abandonment of the imputation of state action to court-appointed counsel did not foreclose appellate review for a client whose attorney had failed to file a notice of appeal because:
A collateral attack raising the issue of ineffective assistance of counsel is open to the indigent and the nonindigent on the same terms. The ends of justice will be better served when all who seek justice may seek it by the same paths.
Meyer, 430 So.2d at 443. Even though the court permitted the defendants in that case to obtain relief by habeas corpus, the state suggests that the exhortation for all defendants raising the issue of ineffective assistance of counsel to seek justice by the same paths is a command that all such claims should henceforth be submitted under rule 3.850.
It is well settled that claims of ineffective assistance of trial counsel, with rare exceptions not relevant here, are cognizable only by rule 3.850 and may not be raised by a petition for habeas corpus before an appellate court. The ineffective assistance of either publicly appointed or privately retained counsel is grounds for collateral relief. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); Blanco v. Wainwright, 507 So.2d 1377 (Fla. 1987). Rule 3.850 "is intended to provide a complete and efficacious postconviction remedy to correct convictions on any grounds which subject them to collateral attack." Roy v. Wainwright, 151 So.2d 825, 828 (Fla. 1963).
Rule 3.850 provides in pertinent part:
An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
Thus, rule 3.850 is intended to prohibit courts from entertaining habeas corpus petitions raising issues cognizable under the rule. In White v. Dugger, 511 So.2d 554, 555 (Fla. 1987), this Court noted
that although the petition is labelled as a petition for writ of habeas corpus, the issues raised are of the type which should properly be raised under Florida Rule of Criminal procedure 3.850, which by its terms procedurally bars an application for writ of habeas corpus... .
... We point out again ... that habeas corpus is not a vehicle for obtaining additional appeals of issues ... which could have, should have, or have been, raised in rule 3.850 proceedings.
See also State v. Bolyea, 520 So.2d 562 (Fla. 1988).
More recently, in Richardson v. State, 546 So.2d 1037 (Fla. 1989), this Court reiterated the comprehensiveness and exclusivity of rule 3.850 as a remedy for alleged trial court errors. In Richardson, the issue was whether rule 3.850 had supplanted coram nobis as a device for raising claims of newly discovered evidence. "Coram nobis is a cumbersome process where the petitioner first applies to the appellate court for leave to file in the trial court" a claim based upon the newly discovered evidence. Richardson, 546 So.2d at 1038. This Court held "that all newly discovered evidence claims must be brought in a motion *442 pursuant to Florida Rule of Criminal Procedure 3.850, and will not be cognizable in an application for a writ of error coram nobis... ." Id. at 1039.
In view of the fact that the underpinnings of Baggett and Wooden have been removed at least in part, we believe this Court may once again consider the procedure which should be followed to address claims of belated appeal because of ineffective assistance of counsel. Under the present procedure, the petitioner must first petition an appellate court, which has no record or other knowledge of the case, by alleging facts which, if proven, would show that counsel's failure to file a timely notice of appeal denied the petitioner's right to a direct appeal. While in some cases the state may agree with the petitioner's right to a belated appeal, in most instances the state is simply without knowledge concerning the allegations of fact. Therefore, if the petitioner alleges a prima facie case, the appellate court must then appoint a commissioner to take testimony and make findings and recommendations to the appellate court. The appellate court then reviews the report of the commissioner to determine if the petitioner was unconstitutionally denied the right to appeal. All of this could be more easily accomplished by filing a motion under rule 3.850 alleging ineffective assistance of trial counsel. If there has been ineffective assistance, it was at the hands of trial counsel and not appellate counsel, even though the dereliction pertained to preserving a client's right to appeal. A trial judge does not interfere with the appellate court's jurisdiction by entering an order finding trial counsel to be ineffective and authorizing the filing of a belated appeal.
We conclude that henceforth petitions for belated appeal because of ineffective assistance of counsel should be filed in the trial court by a motion under rule 3.850 rather than in the appellate court by a petition for writ of habeas corpus.[1] We grant the state's petition for writ of prohibition as it relates to William Navarre[2] and direct that the district court of appeal dismiss the petition for habeas corpus without prejudice to Navarre to file a motion for belated appeal under rule 3.850 in the trial court.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and KOGAN, JJ., concur.
NOTES
[1] Of course claims of ineffective assistance of appellate counsel shall continue to be raised by petition for habeas corpus filed in the appellate court.
[2] The state's petition was also directed to petitions for habeas corpus seeking belated appeals filed by Norman B. Williams, Jr., and Walter William Graham. Because the district court of appeal had already granted belated appeals to Williams and Graham by the time our order to show cause was issued, they are not affected by our decision.