586 So.2d 1266 (1991)
Daniel P. MACK, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2075.
District Court of Appeal of Florida, First District.
September 26, 1991.
Nancy Daniels, Public Defender, and Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and James Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is one of the first cases to reach this court pursuant to the decision in State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla. 1990). On our own motion we issue this opinion to clarify *1267 the procedure in this case and other similar cases.
In 1988 appellant was charged by information with two counts of battery on a law enforcement officer. Appellant was found guilty and filed a motion for new trial. In November 1989 appellant's timely motion for new trial was denied. No notice of appeal was filed after that. In April 1991 appellant filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The sole remedy appellant sought in the motion was the right to a belated appeal. In support of the motion appellant cited to State v. District Court of Appeal which holds that an appellant who seeks the right to a belated appeal based upon ineffective assistance of counsel must raise the issue in the trial court by a motion pursuant to Rule 3.850.[1] The trial court granted appellant's motion and this appeal ensued.
Appellant commenced this appeal by filing a notice of appeal within thirty days from rendition of the order of the trial court granting the right to a belated appeal. The notice specified that the order being appealed was the judgment and sentence rendered November 1989.[2]
The rules of appellate procedure do not specify how an appeal should be commenced in this situation. However, in our opinion, once the trial court determines that counsel was ineffective in not timely filing the notice of appeal something must still be done to invoke the jurisdiction of this court. We believe that what appellant did in this case was correct, namely filing a notice of appeal within 30 days of the date of rendition of the order of the trial court finding that appellant was entitled to a belated appeal. In our opinion the appellant was also correct in specifically identifying in the notice of appeal the order actually being appealed and its date of rendition. See Fla.R.App.P. 9.900(a).
This appeal is really an appeal of the final judgment and sentence pursuant to Rule 9.140(b)(1).[3] Since this is not an appeal of a denial of a Rule 3.850 motion, Florida Rule of Appellate Procedure 9.140(g) does not apply. If it does not apply, a complete record must be prepared and appellant and appellee are required to file a brief.
The only other question we perceive is from what date are the times calculated for preparation of the record and filing the briefs? This question arises because in some cases counsel may have filed a notice of appeal in an untimely manner resulting in a dismissal. In other cases counsel may have neglected completely to file a notice. For that reason, in our opinion, the time periods set forth in the appellate rules for preparing the record and filing the briefs should run from the filing of a notice of appeal filed after the trial court's order granting the right to a belated appeal.
Finally, we urge the Appellate Court Rules Committee of the Florida Bar to address this issue as soon as possible and recommend to the Florida Supreme Court an appropriate new rule (or rules) of appellate procedure.
BOOTH, WOLF and KAHN, JJ., concur.
NOTES
[1] Previously a belated appeal was sought by filing a writ of habeas corpus in the appellate court.
[2] The final judgment and sentence was "rendered" by entry of the order denying the motion for new trial.
[3] Obviously, appellant is not appealing the order relating to his Rule 3.850 motion. That order was in his favor.