589 So.2d 986 (1991)
Danny J. SCALF, Petitioner,
v.
Harry K. SINGLETARY, Jr., Secretary, Florida Department of Corrections, Respondent.
No. 91-02925.
District Court of Appeal of Florida, Second District.
November 13, 1991.
Danny J. Scalf, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
In this petition for writ of habeas corpus Danny Scalf seeks belated appellate review of a circuit court order denying, after evidentiary hearing, his motion for postconviction relief. The state does not contest the factual allegations contained in the petition, which indicate that neither Scalf nor his attorney received a copy of the court's order until the appeal time had expired. We write primarily to address the threshold question of our continuing jurisdiction in light of State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990).
Prior to 1990 this court would have been the proper forum to grant relief whenever it could be demonstrated that the petitioner's appellate rights were thwarted by "state action" or by the omissions of defense counsel. Baggett v. Wainwright, 229 So.2d 239 (Fla. 1970); State v. Meyer, 430 So.2d 440 (Fla. 1983). However, such proceedings often provoked factual disputes which appellate courts are not wellequipped to resolve. In such cases we would often associate the circuit court to take testimony and make recommendations. This cumbersome procedure was abolished, at least in part, by First District, wherein the supreme court expressed a preference for Florida Rule of Criminal Procedure 3.850 for obtaining belated appellate review.
On its facts First District is confined to omissions of counsel. That is, while clearly overruling Meyer, the supreme court left open the question whether Baggett and State ex rel. Shevin v. District Court of Appeal, Third District, 316 So.2d 50 (Fla. 1975), which authorizes belated appeal of 3.850 orders when the trial court fails to apprise the movant of his right to appeal, were similarly overruled to the extent they established rules of procedure. Because the supreme court did not explicitly overrule Baggett and Shevin, we believe that this court still has jurisdiction to entertain petitions for belated appeal except when the failure to appeal is attributable to counsel. See McMillian v. State, 573 So.2d 965 (Fla. 2d DCA 1991); Cox v. State, 583 So.2d 822 (Fla. 4th DCA 1991).
The petition for writ of habeas corpus is granted and Scalf shall be permitted belated appellate review of the order denying his motion for postconviction relief. In the event the attorney who represented Scalf *987 at the evidentiary hearing does not intend to represent Scalf on appeal, he shall comply with Florida Rule of Appellate Procedure 9.140(b)(3)(A) within fifteen days of this opinion. All proceedings thereafter shall be governed by the timetables set forth in rule 9.700.
Petition granted.
SCHEB, A.C.J., FRANK and HALL, JJ., concur.