PER CURIAM.
This pro se petitioner files a petition for writ of mandamus seeking leave to file a belated appeal from the denial of a motion for post conviction relief. Based upon State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990), we grant the petition. We also sua sponte strike the State of Florida as respondent and substitute The Honorable J. Leonard Fleet in its place.
Review of the petition and attachments reveals the petitioner was represented in his motion for post-conviction relief by counsel. However, in March of 1991 counsel moved to withdraw, which motion was granted by order of September 16, 1991. On the same date the trial court denied the petitioner’s motion for rehearing from the denial of his motion for post-conviction relief. The order granting the motion to withdraw shows that a copy was sent to petitioner. However, the order denying petitioner’s motion for rehearing does not show service on petitioner.
Petitioner alleges that he did not receive notice from withdrawn counsel as to the orders until October 15, 1991, giving him inadequate time in which to appeal to this court from the order denying rehearing on the post-conviction relief motion. Petitioner then attempted to file a motion for leave to file a belated notice of appeal and motion for appointment of attorney in the circuit court. It was returned to him with a note from the trial court judge indicating, “You *1067 must file all of your pleadings with the Fourth District Court of Appeal in West Palm Beach, Florida. There is nothing pending in the circuit court.” From this petitioner files a petition for writ of mandamus to direct the court to act on the motion for leave to file a belated appeal.
Contrary to the note from the trial court’s office, the Supreme Court has held that petitions for belated appeal because of ineffective assistance of counsel should be filed in the trial court by a motion under Florida Rule of Criminal Procedure 3.850 rather than in the appellate court by a petition for writ of habeas corpus. State v. District Court of Appeal of Florida, First District, 569 So.2d at 442. Since the motion for belated appeal alleges that his trial counsel was ineffective in not timely notifying him of the order denying rehearing such that he could protect his appellate rights, the motion for belated appeal is such a post-conviction relief motion and must be considered by the trial court, not the appellate court.
Based upon the foregoing we therefore grant the petition to the extent that petitioner shall be given the opportunity to refile his motion in the Broward County Circuit Court within thirty days and that respondent is directed to rule on any motion so filed. See State v. District Court of Appeal of Florida, First District. Id.
DOWNEY, DELL and WARNER, JJ., concur.