596 So.2d 796 (1992)
David TAL-MASON, Petitioner,
v.
Harry K. SINGLETARY, Jr., Respondent.
No. 91-2634.
District Court of Appeal of Florida, Fourth District.
April 8, 1992.
David Tal-Mason, pro se.
*797 Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Tal-Mason seeks habeas corpus relief in the nature of a second appeal of his life sentence for second degree murder. He claims that he was effectively deprived of the right to appeal on the first occasion, when counsel was appointed just a few days before this court dismissed his appeal. We agree.
Tal-Mason was arrested for first degree murder and grand larceny and found mentally incompetent to stand trial. After spending five years in custody at state mental hospitals, he was found competent to stand trial. He pled guilty to a reduced charge of second degree murder and was sentenced to life in prison on August 8, 1983.
He timely filed a pro se notice of appeal in this court. He moved for appointment of counsel by the trial court on August 30, 1983. The state filed a motion to dismiss on February 8, 1984, arguing that Tal-Mason had forfeited his right to a direct appeal by pleading guilty. Tal-Mason's appellate counsel was not appointed by the trial court until March 23, 1984, without his knowledge, according to him.
This court dismissed the appeal on the state's motion in an order dated April 4, 1984. As Tal-Mason's counsel from the public defender's office had just been appointed less than two weeks earlier, he had no reasonable opportunity to oppose the dismissal. Neither did the public defender move for rehearing from this dismissal.
Tal-Mason later filed a motion for jail and hospital time credit against his sentence, which was granted after rehearing. The case was appealed to this court in State v. Tal-Mason, 492 So.2d 1179 (Fla. 4th DCA 1986), and our reversal was overturned by the Supreme Court in Tal-Mason v. State, 515 So.2d 738 (Fla. 1987). These proceedings did not address the dismissal of his appeal, however.
Tal-Mason has been effectively denied the right to a direct appeal. The timing of the appointment of his appellate counsel, just days before the state's motion to dismiss was granted, frustrated his right to appeal. This constitutes state action that can be deemed to be equivalent to a denial of the right. Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), receded from on other grounds, State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990).
Moreover, the public defender's failure to move for rehearing from the dismissal could be viewed as grounds for a claim of ineffectiveness of counsel on appeal. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh'g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985). The dismissal could have been challenged on rehearing, because, as petitioner points out, a defendant retains the right to a direct appeal from an illegal sentence even after entry of a guilty plea. The appellant is precluded from appealing matters occurring prior to the plea itself, but not issues such as the legality of the sentence, the subject matter jurisdiction of the court, the failure of the government to abide by the plea agreement, and the voluntary and intelligent character of the plea. Robinson v. State, 373 So.2d 898 (Fla. 1979).
We disagree with respondent's argument that the habeas petition is legally deficient for failure to contain an exact description of the issues he would raise on direct appeal or how they would entitle him to release or a new trial. Where the allegations in a habeas petition support a claim of denial of the petitioner's right to an appeal, petitioner is entitled to habeas relief, without an additional showing of arguable reversible error at trial which might have prompted reversal on appeal. Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), receded from on other grounds, State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990). We also reject the respondent's argument that petitioner is barred from seeking habeas relief *798 because his sentence was previously reviewed in the collateral proceedings for jail and hospital time credit. It is the direct appeal to which petitioner remains entitled, and of which he was wrongfully deprived.
Finally, as a procedural matter, we grant petitioner's motions to accept his reply, which we have duly noted. Petitioner is directed to file his notice of appeal in the circuit court within 30 days after our decision is final. The record and briefing shall be prepared in accordance with Florida Rules of Appellate Procedure 9.110 and 9.140.
This cause is remanded to the trial court for petitioner to perfect his appeal, for the appointment of appellate counsel and for preparation of the record on appeal.
DELL, STONE and FARMER, JJ., concur.