PER CURIAM.
Willie James Brazile seeks review by belated appeal of an order denying his motion for post-conviction relief. On our own motion, we reverse the order of the trial court granting appellant the right to a belated appeal. Our reversal is without prejudice to appellant filing a petition for writ of habeas corpus in this court seeking the right to a belated appeal.
Appellant filed a motion in the trial court pursuant to Florida Rule of Criminal Procedure 3.850 seeking the right to file a belated appeal. Appellant’s motion alleged that his previous motion for post-conviction relief, alleging ineffective assistance of counsel, was denied by the trial court in August of 1991. Appellant alleged, however, that he did not receive a copy of the order denying his motion until eight months later on April 20, 1992. Appellant argued that under the circumstances he should be entitled to a belated appeal. The trial court granted the motion specifically finding that the clerk of the court had been directed to furnish a copy of the order denying the ineffective assistance of counsel claim by certified mail and that there was no record in the court file of compliance with that order. The court concluded by finding that “defendant did not receive a copy of the order within the time for filing a notice of appeal.” After entry of the order granting the right to a belated appeal, appellant promptly filed a notice of appeal which indicated he was appealing the August 6, 1991 order.[1]
A trial court can grant the right to initiate a belated appeal in only two situations, both of which involve ineffective assistance of trial counsel. In criminal cases if the defendant demonstrates that trial counsel was ineffective in failing to timely file a notice of appeal, the trial court can grant relief pursuant to Florida Rule of Criminal Procedure 3.850. State v. District Court of Appeal, First District, 569 So.2d 439 (Fla.1991). In termination of parental rights cases, if the parent demonstrates that counsel was ineffective in failing to timely file a notice of appeal, the trial court can grant the parent the right to a belated appeal, pursuant to a petition for writ of habeas corpus. In the Interest of E.H., 609 So.2d 1289 (Fla.1992). In our opinion all other requests for belated appeal must be filed as a petition for writ of habeas corpus in the appellate court. See Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA1991).[2] Since in this case appellant’s claim for belated appeal is based on failure to timely receive a copy of the order, he should have filed a petition for writ of habeas corpus in this court.
*307 Accordingly, we reverse the order on appeal granting appellant the right to a belated appeal. Our action is without prejudice to appellant seeking a belated appeal in this court.
SMITH, ZEHMER and ALLEN, JJ., concur.

. See Mack v. State, 586 So.2d 1266 (Fla. 1st DCA 1991).

. We are aware that the Appellate Court Rules Committee of the Florida Bar is considering recommending changes in the appellate rules dealing with this issue. As this case demonstrates, there is considerable confusion about the procedure for seeking belated appeal. That confusion is not limited to the litigants.- The clerk of the lower tribunal incorrectly prepared the record in this case. If the lower tribunal grants the right to seek belated appeal then the clerk should prepare a full record pursuant to Florida Rule of Appellate Procedure 9.200 and not an abbreviated record pursuant to Rule 9.140(g), as was done in this case. Much of the confusion seems to occur because of the different procedures for seeking belated appeal. A rule change establishing one rule for all belated appeal cases would, hopefully, eliminate much of the confusion. In our opinion, the prior procedure, where all requests for belated appeal were filed in the appellate court, was a better procedure. See State v. Meyer, 430 So.2d 440 (FIa.1983); Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), writ discharged, 235 So.2d 486 (Fla.1970).