622 So.2d 107 (1993)
Sharon G. ARCHER, Appellant,
v.
Administrator, Florida State Hospital, Appellee.
No. 93-986.
District Court of Appeal of Florida, First District.
July 28, 1993.
*108 P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Lawrence F. Kranert, Jr., Hosp. Legal Counsel, FL State Hosp., Chattahoochee, for appellee.
PER CURIAM.
Appellant seeks to challenge her involuntary commitment. The notice of appeal was untimely and appellant petitions for a writ of habeas corpus to secure belated appeal. We find no right to belated appeal under the facts presented and dismiss the appeal for lack of jurisdiction.
Appellant was involuntarily committed to Florida State Hospital in 1988 in accordance with a civil commitment and has remained there since the original commitment. The administrator of the hospital requested an order authorizing appellant's continued involuntary placement pursuant to section 394.467(4), Florida Statutes (1991). A hearing was held on February 17, 1993, and appellant was represented by the Office of the Public Defender. Finding that appellant had an active psychosis, the hearing officer authorized appellant's involuntary placement for another six months. The final order was rendered on February 26, 1993. The notice of appeal in this case was filed on March 30, 1993. As it appeared the notice of appeal was untimely, an order to show cause issued as to why the appeal should not be dismissed for lack of jurisdiction. Florida Rule of Appellate Procedure 9.110(b).
Counsel for appellant responds conceding that the notice of appeal was not timely and asserts that the delay in filing the notice of appeal was the fault of the Office of the Public Defender.[1] Appellant states that if this were a criminal proceeding, she would be entitled to seek belated appeal by motion pursuant to Florida Rule of Criminal Procedure 3.850. State v. District Court of Appeal, 569 So.2d 439 (Fla. 1990). Appellant asserts that although this is a civil appeal, the issue involved is a restraint of liberty. She argues that this court has jurisdiction to grant a belated appeal where an appellant is denied the right to appeal through state action. Tal-Mason v. Singletary, 596 So.2d 796 (Fla. 4th DCA 1992). Appellant requests that the court treat the notice of appeal as a petition for writ of habeas corpus to secure a belated appeal.
Appellee opposes appellant's request, correctly pointing out that the case authority cited by appellant is applicable in criminal cases. Because this is a civil proceeding, the untimely notice of appeal acts as a jurisdictional bar to further relief. Coca-Cola Foods v. Cordero, 589 So.2d 961 (Fla. 1st DCA 1991); Hawks v. Walker, 409 So.2d 524 (Fla. 5th DCA 1982). Appellee asserts that appellant may always challenge her continued involuntary placement by a petition for writ of habeas corpus in the circuit court pursuant to section 394.459(10).
We find that this appeal must be dismissed for lack of jurisdiction because the notice of appeal was untimely filed. Both State v. District Court of Appeal and Tal-Mason involve the right to seek belated appeal from a judgment and sentence in a criminal proceeding. Our supreme court has recently approved the limited use of habeas corpus to seek belated appeal in a civil case involving the termination of parental rights. In Interest of E.H., 609 So.2d 1289 (Fla. 1992). Although the supreme court authorized the use of habeas corpus in that fact situation, the court stressed that the relief granted was not "based on precedent, but on the significant policy interest in ensuring that a parent and child are not separated without a thorough review of the merits of the case." Id. at 1291. Because the court's holding was predicated on the narrow policy grounds involved in the termination of parental *109 rights, we are unable to expand the holding of E.H. to the facts of this case. As appellee has suggested, appellant can bring a petition for writ of habeas corpus in the circuit court to challenge her continued commitment.
APPEAL DISMISSED.
SMITH, JOANOS and KAHN, JJ., concur.
NOTES
[1] We note that appellant's counsel on appeal did not represent appellant in the trial court.