Confession of Error

PER CURIAM.
George Darden appeals his sentence in a criminal ease.[1] The State has confessed error, with which we entirely agree.
Darden was convicted of manslaughter as to one victim and aggravated assault as to another victim.[2] The trial court imposed a twenty year sentence on each count, with a three year mandatory minimum sentence pursuant to section 775.087, Florida Statutes (1991).
As the sole point on appeal, defendant correctly asserts that his conviction of aggravated assault with a firearm is a third degree felony, § 784.021, Fla.Stat. (1991), for which the maximum penalty is five years. Id. § 775.082(3)(d). The State concedes that the twenty year sentence on count two must be reduced to five years. There is no error with respect to the mandatory minimum sentence on that count, nor any claim of error with respect to the underlying convictions or other sentences.
Accordingly, the sentencing order on the aggravated assault count is reversed and the cause remanded with directions to reduce the twenty year sentence for aggravated assault to five years.

. Trial counsel failed to file a notice of appeal. Darden filed a pro se motion for post-conviction relief for belated appeal, based on ineffective assistance of counsel for failure to file the notice of appeal. See State v. District Court of Appeal, First District, 569 So.2d 439 (Fla.1990). The trial court denied the motion under Florida Rule of Criminal Procedure 3.850. Darden appealed. By unpublished order this court granted the belated appeal.

. After being found guilty of the above charges in circuit court case no. 91-22276, Darden pled guilty to attempted first degree murder in circuit court case no. 91-22277, in exchange for a twenty year concurrent sentence with a mandatory minimum sentence of three years for use of a firearm under section 775.087, Florida Statutes (1991). No error is claimed in connection with the disposition of the latter case pursuant to the plea bargain.