640 So.2d 117 (1994)
Edgar STEPHENSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00405.
District Court of Appeal of Florida, Second District.
July 20, 1994.
*118 Randall O. Reder, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
Edgar Stephenson challenges the trial court's judgments and sentences that require him to serve life in prison as a habitual violent felony offender with no eligibility for release for fifteen years. § 775.084(40(b)1., Fla. Stat. (1991). We are compelled to dismiss this appeal because Stephenson's court-appointed trial counsel did not file a timely notice of appeal.[1] In doing so, we certify a question of great public importance regarding our authority to grant a belated appeal when the record on direct appeal indisputably reflects ineffective assistance of counsel in filing an untimely notice of appeal.
The sentencing orders that are the subject of this appeal were rendered on December 30, 1992. Fla.R.App.P. 9.020(g). Based on Florida Rule of Appellate Procedure 9.140(b)(2), the thirty-day time period for filing a notice of appeal expired on Friday, January 29, 1993. The notice, however, was not filed with the clerk of the lower court until the following Monday, February 1st, more than thirty days after rendition. Thus, under the rule, the notice was untimely filed, and we must dismiss this appeal. Lori v. State, 482 So.2d 562 (Fla. 2d DCA 1986).
We have not overlooked the fact that a motion for new trial was filed. The trial court, however, correctly struck it as untimely. Therefore, "[b]ecause it was not timely filed, the motion for new trial did not delay rendition of the judgment[s] and sentence[s] for purposes of filing a notice of appeal." Richardson v. State, 540 So.2d 133, 134 (Fla. 5th DCA 1989).
We have also considered appellate counsel's argument in response to our order to show cause that we can conclude from the record that it is just as probable that the notice was filed with the clerk sometime on Friday but not stamped as filed until the following Monday. See Sunshine Dodge, Inc. v. Ketchem, 427 So.2d 819 (Fla. 5th DCA 1983). The record refutes this contention. The notice reflects that trial counsel executed the certificate of service on Monday, February 1st, and the clerk's stamp shows the notice was filed at 3:52 P.M. on that same day.
Our dismissal, however, is without prejudice to Stephenson's right to file a motion with the trial court pursuant to Florida Rule of Criminal Procedure 3.850 seeking a belated appeal because of the ineffective assistance of trial counsel in filing an untimely notice of appeal. State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla. 1990). Based on this record, we can only conclude that such an omission was caused by neglect, inadvertence or error in miscalculating the time requirements for filing a notice of appeal and was ineffective assistance as a matter of law, see State v. Meyer, 430 So.2d 440, 443 (Fla. 1983), resulting in a frustration of Stephenson's right to a direct appeal under Florida law. See Lake v. Lake, 103 So.2d 639, 642 (Fla. 1958); Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.140(b).
Accordingly, if Stephenson files a legally sufficient motion, we direct the trial court to grant it without the necessity of an evidentiary hearing and afford him a belated appeal, regardless of the merits of the appeal. Iglesias v. State, 598 So.2d 210 (Fla. 2d DCA 1992). Accord Short v. State, 596 So.2d 502 (Fla. 1st DCA 1992). We also direct the trial court to re-appoint Stephenson's appellate counsel in this case to represent Stephenson on his belated appeal.
We know it seems incongruous for us to dismiss Stephenson's direct appeal while at the same time providing him with the remedy of a belated appeal, thereby delaying a review of the merits of his case at the expense of judicial economy. We are acutely aware that by declining to accept jurisdiction we have seemingly burdened an already over-taxed criminal justice system with unnecessary work even though, as we have noted, Stephenson clearly has a right to belated appellate review under First District. See Wynn v. State, 557 So.2d 188 (Fla. 1st *119 DCA 1990). However, it has long been the appellate jurisprudence of this state that "[t]he untimely filing of a notice of appeal precludes the appellate court from exercising jurisdiction." Peltz v. District Court of Appeal, Third District, 605 So.2d 865, 866 (Fla. 1992). It is also the established law that when an appellate court discovers from a careful examination of the record that an appeal is untimely, it has no alternative but to dismiss sua sponte. E.g., Kurz v. State, 303 So.2d 431 (Fla. 2d DCA 1974).
If it were up to us, based on this record, we would dispense with the cumbersome procedure we have fashioned, treat the notice of appeal as a petition for writ of habeas corpus, and grant Stephenson belated review of the merits of his appeal. See Meyer; Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), writ discharged, 235 So.2d 486 (Fla. 1970). However, our supreme court made it clear in First District that "henceforth petitions for belated appeal because of ineffective assistance of counsel should be filed in the trial court by a motion under rule 3.850 rather than in the appellate court by a petition for writ of habeas corpus." 569 So.2d at 442 (footnote omitted). Accord Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991); Brazile v. State, 618 So.2d 305, 306 n. 2 (Fla. 1st DCA 1993) (commenting that the procedure used before First District of having an appellate court consider a request for a belated appeal was a better one). We are not free to ignore this binding precedent of the supreme court, Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), nor are we at liberty to cast aside this well-settled rule because it may work a hardship in this particular case. Gentile Bros. Co. v. Florida Indus. Comm'n, 151 Fla. 857, 10 So.2d 568 (1942).
Therefore, in order to insure timely and efficient appellate review of criminal cases, it is critical that trial counsel, whether court-appointed or privately-retained, fulfill their professional responsibility of perfecting an appeal within the strict time requirements of the Florida appellate rules when their client expresses a desire to take a direct appeal after conviction. A failure to do so, as in this case, constitutes ineffective assistance of counsel, see Thames v. State, 549 So.2d 1198 (Fla. 1st DCA 1989), and will result in an unnecessary delay of full appellate review.
Since, however, we deem this issue to be one of great public importance affecting the efficient administration of justice, we certify the following question to the Florida Supreme Court:
AFTER STATE V. DISTRICT COURT OF APPEAL, FIRST DISTRICT, 569 So.2d 439 (FLA. 1990), DOES A DISTRICT COURT OF APPEAL HAVE THE AUTHORITY TO GRANT A BELATED APPEAL IN A CRIMINAL CASE WHEN THE RECORD ON DIRECT APPEAL INDISPUTABLY REFLECTS THAT TRIAL COUNSEL THROUGH NEGLECT, INADVERTENCE OR ERROR FILED AN UNTIMELY NOTICE OF APPEAL AND THUS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AS A MATTER OF LAW?
Appeal dismissed. Question certified.
THREADGILL, A.C.J., and BLUE, J., concur.
NOTES
[1] We note that appellate counsel did not represent Stephenson at trial.