PETERSON, Judge.
Jimmy Dean Lofton failed to timely pursue a belated appeal of his August 1991 conviction after the trial court granted his 3.850 motion to allow the belated appeal. The trial court’s order allowing the belated appeal was rendered on March 18, 1992, and the defendant was served with a copy of the order on March 20, 1992. The public defender was also appointed on March 20, 1992, to pursue the belated appeal. Inexplicably, the appeal that Lofton sought was not filed with this court until November 19, 1993.
In Mack v. State, 586 So.2d 1266 (Fla. 1st DCA 1991), the court explained the problem encountered by the absence of specific rules of appellate procedure once a belated appeal is granted. It concluded that the appellant in that case correctly filed a notice of appeal within 30 days of the date of rendition of the order of the trial court finding that the appellant was entitled to a belated appeal.
Since Lofton waited twenty months to pursue the second chance to appeal his original conviction, he must now invoke the jurisdiction of the trial court through still another 3.850 motion in order to present facts showing that the last delay was due to a legally cognizable excuse that would allow him to proceed with an appeal — for example, ineffective assistance of defense counsel who may have failed to pursue the belated appeal — if that contention can be legitimately advanced.
DISMISSED.
DAUKSCH and COBB, JJ., concur.