655 So.2d 86 (1995)
Edgar STEPHENSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 84208.
Supreme Court of Florida.
May 4, 1995.
Randall O. Reder, Tampa, for petitioner.
Robert A. Butterworth, Atty. Gen., Robert J. Krauss, Sr. Asst. Atty. Gen., and Michele Taylor, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
We have for review the following question certified to be of great public importance:
AFTER State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990), DOES A DISTRICT COURT OF APPEAL HAVE THE AUTHORITY TO GRANT A BELATED APPEAL IN A CRIMINAL CASE WHEN THE RECORD ON DIRECT APPEAL INDISPUTABLY REFLECTS THAT TRIAL COUNSEL THROUGH NEGLECT, INADVERTENCE OR ERROR FILED AN UNTIMELY NOTICE OF APPEAL AND THUS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AS A MATTER OF LAW?
Stephenson v. State, 640 So.2d 117, 119 (Fla. 2d DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we answer the certified question in the negative.

I. PROCEEDINGS BELOW
On August 17, 1992, Edgar Eugene Stephenson was charged with two counts of armed robbery and one count of attempted armed robbery. Three months later, the State filed its notice that Stephenson should be treated as a habitual felony offender. Stephenson was found guilty of all the charges. Defense counsel filed a motion for a new trial, claiming that the verdict was contrary to law and against the manifest weight of the evidence. The motion was stricken as being filed untimely. On December 30, 1992, the trial court sentenced Stephenson to three concurrent life sentences, and adjudicated him to be a habitual felony offender under section 775.084(4), Florida Statutes (1991).
Defense counsel filed a notice of appeal on February 1, 1993, although the 30-day time period for filing a notice of appeal had expired on January 29, 1993. Consequently, the Second District dismissed the appeal as *87 being untimely and certified to this Court a question of great public importance.

II. LAW & ANALYSIS
Logically, our analysis in this case must begin with State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990). In District Court of Appeal,
William Navarre was convicted of second-degree murder in the Circuit Court of the Second Judicial Circuit of Florida. He did not appeal his conviction and sentence within the requisite time. Thereafter, he filed a petition for habeas corpus in the First District Court of Appeal seeking a belated appeal. He asserted that his private counsel was ineffective for not timely filing a notice of appeal as he had requested.
Id. at 440. After the First District denied the State's motion to dismiss the petition for writ of habeas corpus, the State filed a petition for a writ of prohibition directed to the First District. To begin our analysis in District Court of Appeal, we stated:
It is well settled that claims of ineffective assistance of trial counsel, with rare exceptions not relevant here, are cognizable only by rule 3.850 and may not be raised by a petition for habeas corpus before an appellate court.
Id. at 441. After detailing the present procedure then in effect, we reasoned:
All of this could be more easily accomplished by filing a motion under rule 3.850 alleging ineffective assistance of trial counsel. If there has been ineffective assistance, it was at the hands of trial counsel and not appellate counsel, even though the dereliction pertained to preserving a client's right to appeal. A trial judge does not interfere with the appellate court's jurisdiction by entering an order finding trial counsel to be ineffective and authorizing the filing of a belated appeal.
Id. at 442. In conclusion, we stated that "henceforth petitions for belated appeal because of ineffective assistance of counsel should be filed in the trial court by a motion under rule 3.850 rather than in the appellate court by a petition for writ of habeas corpus." Id. (footnote omitted).
For now, we continue to adhere to this principle and find that it is dispositive in this case.[1] Thus, a district court of appeal does not have the authority to grant a belated appeal in a criminal case when it is claimed that trial counsel, through neglect, filed an untimely notice of appeal and hence rendered ineffective assistance of counsel as a matter of law.

III. CONCLUSION
In sum, we answer the certified question in the negative and approve the district court decision. We decline to address the other issues raised by the Petitioner and remand for further proceedings consistent herewith.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We wish to note that this issue is currently under review by this Court and the Committee on Rules of Appellate Procedure.