PER CURIAM.
Maurice J. Collins petitions this court for a writ of habeas corpus seeking a belated appeal of an order denying his motion for post-conviction relief of his conviction and sentence. He contends the trial court failed to advise him of his right to appeal when it rubber-stamped a denial in the margin of his motion. We agree and grant the petition. See, e.g., Parnell v. State, 642 So.2d 1092 (Fla. 2d DCA 1994); Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991).
In addition to failing to advise Collins of his appellate rights, the order was insufficient as a matter of law because it summarily denied Collins’ claim of ineffective assistance of trial counsel. Accordingly, we treat this matter as a delayed posteonviction appeal and reverse and remand the summary denial for further proceedings consistent with this opinion.
On remand, the trial court shall treat Collins’ motion as a timely and properly sworn motion brought pursuant to Florida Rule of Criminal Procedure 3.850. Stephenson v. State, 655 So.2d 86 (Fla.1995) (quoting State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990)). Because Collins’ motion sets forth a prima facie showing that his trial counsel may have rendered ineffective assistance in failing to file a notice of appeal from his conviction and sentence, the trial court shall conduct further proceedings, including an evidentiary hearing if necessary, to conclusively determine the *348 merits of Collins’ claim. See, e.g., Postell v. State, 656 So.2d 969 (Fla. 5th DCA 1995). Collins may appeal the result within thirty days of the date of rendition of that order.
Petition granted, case treated as a postcon-viction appeal and reversed and remanded for further proceedings.
PARKER, A.C.J., and BLUE and QUINCE, JJ., concur.