THOMPSON, Judge.
Jacqueline Salyers petitions for a writ of certiorari and seeks review of the dismissal of her appeal from the county court to the circuit court. Because of the trial counsel’s confusion over a rule of procedure, Salyers has been stymied in her efforts to appeal her misdemeanor conviction. She is entitled to relief, although not in this court.
A jury found Salyers guilty of improper exhibition of a weapon, in violation of § 790.10, Florida Statutes. In his judgment dated 18 November 1993, the county judge withheld adjudication and sentenced her to twelve months of probation. Salyers’ attorney mailed a motion for new trial on Monday, 29 November 1993. . Ten days from the date of judgment was Sunday, 28 November 1993. Salyers’ trial attorney “served” the motion for new trial by U.S. mail the next day, Monday, 29 November 1993. However, it was not received by the clerk of the court until Tuesday, 30 November 1993, twelve days after the entry of the judgment and sentence. The trial court entered an order denying her motion for new trial on 16 February 1994. Salyers’ appellate attorney served and filed the notice of appeal on 3 March 1994.
On 17 September 1997,[1] the circuit court appellate panel issued an opinion dismissing her appeal because her notice of appeal was untimely filed. The court found that, since the motion for new trial was “served,” but not “filed” within the ten-day period set forth under Florida Rule of Criminal Procedure 3.590(a), and since only timely motions for new trial toll the time for filing a notice of appeal from a criminal conviction, the notice of appeal was untimely and the circuit court was without jurisdiction to hear the appeal. The circuit court was correct.
Rule 3.590 states, in part, as follows:
Time FOR and Method of Making Motions; PROCEDURE; CUSTODY PENDING HEARING.
(a) Time for Filing. A motion for new trial or in arrest of judgment, or both, may be made within 10 days after the rendition of the verdict or the finding of the court. A timely motion may be amended to state new grounds without leave of court prior to expiration of the 10-day period and in the discretion of the court at any other time before the motion is determined.
[[Image here]]
(c) Written Motions. The motion may be in writing, filed with the clerk; it shall state the grounds on which it is based. A copy of a written motion shall be served on the prosecuting attorney.
(Emphasis added).
Salyers argues that “served” equals “filed.” She argues that all of the cases on this issue have glossed over the wording of the rule, simply assuming that “made” equals “filed,” without really discussing what “made” really means. While that may be true, the assumption is correct, as shown by the language used in the rule. Subsection (a) is entitled, “Time for Filing” and .subsection (c) states that written motions are to be “filed” with the clerk.
Salyers’ argument that “served” equals “filed” is based upon the Committee Note to the 1980 Amendment to the rule which states:
*1026 This brings rule 3.590(a) into conformity with Florida Rule of Civil Procedure 1.530(b) as it relates to the time within which a motion for new trial or in arrest of judgment may be filed. It also allows the defendant in a criminal case the opportunity to amend the motion. The opportunity to amend already exists in a civil ease. No sound reason exists to justify the disparities in the rules.
In other words, Salyers relies upon this language to say “service” is critical in the criminal rule for new trial motions just as it is in the civil rule for new trial motions. We disagree.
The criminal rule was amended in 1980 to change the time frame, but not the act determining timeliness. A criminal defendant used to have four days to file new trial motions. The criminal rule was changed to provide for ten days instead of four days, but there is no indication that the change was intended to make “service” the determinative act. See; Richardson v. State, 540 So.2d 133 (Fla. 5th DCA 1989) (motion for new trial “filed” eleven days after trial court’s finding was not timely and did not delay rendition of judgment and sentence for purposes of filing notice of appeal); Bothwell v. State, 450 So.2d 1150 (Fla. 2d DCA 1984) (trial court lacked jurisdiction to consider state’s motion for reconsideration of order taxing costs of criminal prosecution of acquitted defendant where motion was “filed” more than ten days after entry of judgment); State v. Robinson, 417 So.2d 760 (Fla. 1st DCA 1982) (where motion for new trial was not “filed” within ten days of rendition of verdict as allowed by rule, trial court was without jurisdiction to hear motion); Denard v. State, 410 So.2d 976 (Fla. 5th DCA 1982) (motion not “filed” within ten days after rendition of verdict or finding of court untimely).
Accordingly, we deny certiorari, without prejudice to Salyer to seek a belated appeal in the circuit court. See Stephenson v. State, 640 So.2d 117 (Fla. 2d DCA 1994), approved, 655 So.2d 86 (Fla.1995) (dismissal without prejudice to defendant’s seeking belated appeal because untimely filing constituted ineffective assistance of counsel); Fla. R.App. P. 9.140(j).
PETITION DENIED.
PETERSON, J., concurs.
DAUKSCH, J., concurs specially in conclusion only.

. The record does not indicate a reason for the apparent delay between the filing of the notice of appeal and the dismissal.