707 So.2d 381 (1998)
John Harm ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2733.
District Court of Appeal of Florida, Fifth District.
February 20, 1998.
*382 John Harm Allen, Chipley, pro se.
No Appearance for Appellee.
PER CURIAM.
John Harm Allen moved for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court treated the motion, in part, as a request for a belated appeal, granted it, and denied the remaining claims of ineffective assistance of counsel without prejudice. Allen then filed a "Notice of Belated Appeal" with this court in which he seeks review of all of the claims he presented to the trial court.
Allen may be entitled to a belated appeal, but because his request was filed after January 1, 1997, his remedy lies in this court, not the trial court. Prior to January 1, 1997, a request for a belated appeal based on ineffective assistance of trial counsel was raised in a Rule 3.850 motion filed in the trial court, while a claim for ineffective assistance of appellate counsel was raised by filing a habeas corpus petition in the district court of appeal. See State v. District Court of Appeal, First District, 569 So.2d 439 (Fla.1990). Effective January 1, 1997, any request for a belated appeal is to be raised in a habeas corpus proceeding filed in the appellate court. Fla. R. of App. P. 9.140(j); Amendments to Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996).
In Kopko v. State, 692 So.2d 933 (Fla. 5th DCA 1997), a defendant attempted to appeal the denial of his 3.850 motion. In the same order denying that motion, however, the trial court granted the request made for a belated appeal. In dismissing the appeal of the order entered on the 3.850 motion, this court noted:
Disposition of the defendant's belated appeal may moot the remaining issues raised in his rule 3.850 motion. As a result, the belated appeal must be resolved prior to the consideration by this court of the summary denial of the remaining claims.
As in Kopko, because the belated appeal being sought by Allen may ultimately moot the ineffective assistance of counsel issues raised in his 3.850 motion, we dismiss the action. This dismissal is without prejudice to Allen to file a petition for belated appeal in this court pursuant to the procedure set forth in Florida Rule of Appellate Procedure 9.140(j), or to file a new 3.850 motion with the trial court, in which he specifies under oath, inter alia, whether an appeal of his conviction and sentence was taken, and the disposition thereof.
DISMISSED.
GRIFFIN, C.J., and W. SHARP and PETERSON, JJ., concur.