PER CURIAM.
George Menefee appeals the trial court’s denial of his motion to restore appellate rights. We affirm.
The record reflects that the trial court concluded it had no jurisdiction to entertain Menefee’s motion. At the time Menefee filed his motion, the trial court was the proper forum within which to file petitions for belated appeal if the failure to appeal was attributable to counsel. See Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991). On the record before us, it appears that Menefee’s request for a belated appeal is based on an allegation that, because of his relocation in the prison system, he did not timely receive the order he wishes to appeal. If this is correct, Menefee should have filed a petition for habeas corpus with this court. See id. In any event, because all requests for belated appeal are now controlled by Florida Rule of Appellate Procedure 9.140(j),[1] we affirm *228 without prejudice to Menefee to file a petition with this court.
FRANK, A.C.J., and FULMER and QUINCE, JJ., concur.

. Effective January 1, 1997. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996).