719 So.2d 38 (1998)
Tony LYNN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1494.
District Court of Appeal of Florida, First District.
September 23, 1998.
*39 Tony Lynn, Appellant, pro se.
Robert A. Butterworth, Attorney General, and Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Appellee.
SHIVERS, Douglass B., Senior Judge.
Tony Lynn appeals an order of the trial court denying his second motion for belated appeal of his 1993 conviction and sentence. We dismiss the appeal for lack of jurisdiction. Williams v. State, 324 So.2d 74 (Fla.1975) (timely filing of notice of appeal is jurisdictional matter).
In accordance with the procedures then in effect, as set forth in State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990) (announcing that claims for belated appeal on grounds such as those presented in the case at bar were to be presented in the trial court by way of a motion for post-conviction relief), Lynn sought post-conviction relief in the circuit court. After a careful review of the record, we conclude that the trial court properly denied Lynn's 1995 timely first motion as facially insufficient, and that his 1996 second motion was time-barred under Florida Rule of Criminal Procedure 3.850(b) (designating a two-year deadline for filing a motion for post-conviction relief after judgment and sentence become final). Compounding his two prior errors, Lynn waited eight months to file a notice of appeal challenging the denial of his post-conviction motion. Accordingly, this appeal is dismissed for lack of jurisdiction. Fla. R.App. P. 9.140(b)(3) (defendant wishing to appeal "a final judgment" must do so within "30 days following rendition of a written order"); Williams, supra.
The promulgation of Florida Rule of Appellate Procedure 9.140(j), effective January 1, 1997, superseded State v. District Court. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 807 (Fla. 1996) (Committee Notes). The new rule sets out a new procedure for requesting a belated appeal by initiating a habeas corpus proceeding directly in the district court of appeal. Allen v. State, 707 So.2d 381 (Fla. 5th DCA 1998). However, we find no basis to conclude that the new rule revived State v. District Court claims such as Lynn's that were already time-barred under Rule 3.850(b). Finch v. State, 23 Fla. L. Weekly D2020, 717 So.2d 1070 (Fla. 1st DCA 1998) (promulgation of new Rule 9.140(j) did not revive appellant's "belated appeal" claim that was already time-barred in 1994 under the two-year timetable set forth in Rule 3.850(b)).
APPEAL DISMISSED.
BARFIELD, C.J., and DAVIS, J., concur.