775 So.2d 339 (2000)
Robert LIBERTELLI, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2889.
District Court of Appeal of Florida, Second District.
August 30, 2000.
PARKER, Acting Chief Judge.
Robert Libertelli challenges the trial court's order denying relief in part on his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court's order is not an appealable order, we dismiss the appeal.
On December 4, 1998, Libertelli was convicted by a jury and sentenced to five years in state prison for battery on a law enforcement officer. On May 7, 1999, Libertelli filed his motion for postconviction *340 relief raising seven grounds for relief from his conviction and sentence. On December 1, 1999, the trial court summarily denied Libertelli's motion on six of the seven grounds and ordered the State to respond to ground 3(c), which alleged that Libertelli's trial counsel was ineffective for failing to file a timely notice of appeal. The trial court's order specifically stated that it was not a final order and that Libertelli could not appeal the partial denial until a final order was rendered. Despite this, Libertelli filed an appeal, which this court dismissed as premature because the trial court's order did not dispose of the entire 3.850 motion. See Libertelli v. State, 755 So.2d 122 (Fla. 2d DCA 2000).
On April 28, 2000, the State filed its response to the trial court's order, conceding that Libertelli should be entitled to a belated appeal due to his counsel's failure to file a timely notice of appeal. Before the trial court could act on the State's response, Libertelli filed another notice of appeal in this court. To date, the trial court has not entered a final order on Libertelli's 3.850 motion.
We must again dismiss Libertelli's appeal because there is no final order. The trial court's order of December 1, 1999, is not an appealable order because it does not dispose of the entire motion. See Libertelli, 755 So.2d at 122; Cooper v. State, 667 So.2d 932 (Fla. 2d DCA 1996). The State's response does not make the trial court's order any more final. Therefore, this appeal is premature and must be dismissed. However, the dismissal is without prejudice to Libertelli filing a notice of appeal once the trial court enters a final appealable order disposing of his entire 3.850 motion.
We also note that the State's concession that Libertelli should be entitled to a belated appeal is irrelevant because claims for belated appeals are not cognizable in a rule 3.850 motion. See Fla. R.App. P. 9.140(j)(1); see also Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla.1996); Allen v. State, 707 So.2d 381 (Fla. 5th DCA 1998). Rather, petitions seeking belated appeals must be presented directly to this court. Therefore, this dismissal is without prejudice to Libertelli seeking a belated appeal in this court.
Dismissed.
WHATLEY and SALCINES, JJ., Concur.