ROTHENBERG, Judge.
The defendant, Lazaro Soroa appeals the denial of his motion for postcon-viction relief filed on or about August 7, 2002. While the record is confusing at best, it does appear that there has not been a ruling by the trial court on each of the four claims raised in the defendant’s motion. We, therefore, grant the State’s motion to dismiss the instant appeal without prejudice, as premature. See Soroa v. State, 845 So.2d 205 (Fla. 3d DCA 2003); Owens v. State, 864 So.2d 422 (Fla. 3d DCA 2004); Libertelli v. State, 775 So.2d 339 (Fla. 2d DCA 2000).
On February 19, 2003, the trial court issued a written order denying the defendant’s motion regarding claims #3 and # 4 and set claims # 1 and # 2 for an evidentiary hearing. In claim # 1, the defendant alleges that his counsel misadvised him regarding his plea agreement, and in claim #2, the defendant asserts that his trial attorney failed to properly conduct a pre-trial investigation or to prepare a defense. The trial court granted the defendant’s request for the appointment of counsel to assist the defendant at the evi-dentiary hearing, and ultimately conducted an evidentiary hearing. The only claim, however, addressed during the evidentiary hearing was regarding the defendant’s first claim, that - his attorney misadvised him as to the consequences of his1 plea. The trial court’s order denying relief, issued on February 11, 2004, incorrectly states that claim # 1 was the only pending claim and additionally states the wrong number for the claim in the heading.
*1223 From our review of the record, it appears that claim # 2, that counsel failed to conduct an adequate pre-trial investigation and prepare a defense, has not yet been ruled on and requires an evidentiary hearing. We, therefore, grant the State’s motion to dismiss the instant non-final appeal without prejudice and order the trial court to conduct the necessary evidentiary hearing.
Appeal dismissed without prejudice.