782 So.2d 977 (2001)
STATE of Florida, AGENCY FOR HEALTH CARE ADMINISTRATION, Appellant,
v.
Teresa Lynn WILSON, Personal Representative of the Estate of Chanyse Wilson Broaden, deceased, Appellee.
No. 1D00-810.
District Court of Appeal of Florida, First District.
April 12, 2001.
*978 Kim A. Kellum, Assistant General Counsel, Agency for Health Care Administration, Tallahassee, for Appellant.
Kimberly Sands, Daytona Beach, for Appellee.
KAHN, J.
The sole issue in this case is whether the Medicaid lien due to the State under section 409.910(11)(f), Florida Statutes (1999), may be reduced to reflect a pro rata share of attorney's fees and costs attributable to recovering the lien amount from a third-party tortfeasor. In the order on appeal, the trial court determined that the lien recovery must be reduced by attorney's fees in the amount of 25% of the gross amount of the lien and further by an equitable share of reasonable litigation costs in the tort claim. Because this case presents a pure question of law, we review the trial court's order de novo. See Dixon v. City of Jacksonville, 774 So.2d 763, 765 (Fla. 1st DCA 2000) ("It is well established that the construction of statutes ... is a question of law that is reviewable de novo."). We reverse because the unambiguous language of the statute in question does not allow a reduction of the lien for attorney's fees and costs.
Appellant, Agency for Health Care Administration (AHCA) is the sole Florida state agency authorized to make payments under the Florida Medicaid program. See § 409.902, Fla. Stat. (1999). The Florida Medicaid program was established under Title XIX of the Social Security Act. See State of Ga. Dep't of Med. Assistance v. Bowen, 846 F.2d 708, 709 (11th Cir.1988) ("Medicaid is a cooperative federal-state program established in 1965 as Title XIX of the Social Security Act."). Federal law requires that a state Medicaid plan must provide that the state agency administering the plan "will take all reasonable measures to ascertain the legal liability of third parties ... to pay for care and services available under the plan...." 42 U.S.C. § 1396a(a)(25)(A). The Social Security Act also requires that, as a condition for eligibility for Medicaid, a recipient must assign to the State any rights such person has to payment for medical care from any third party. 42 U.S.C. § 1396k(a)(1)(A).
In pursuit of the requirement to recover benefits available to a Medicaid recipient, Florida has enacted the Medicaid Third-Party Liability Act, the intent of which is stated in section 409.910(1), Florida Statutes (1999). Under the statute, Medicaid is to be the "payor of last resort." Id. Where third-party liability is a source for benefits after medical assistance is provided by Medicaid, the Legislature intends "that Medicaid be repaid in full and prior to any other person, program, or entity." Id. Moreover, Medicaid "is to be repaid in full from, and to the extent of, any third-party benefits, regardless of whether a recipient is made whole or other creditors paid." Id. The Legislature has abrogated principles of common law and equity "to the extent necessary to ensure full recovery by Medicaid from third-party resources." Id. If these statements are not enough, the statute further provides, "[I]f *979 the resources of a liable third party become available at any time, the public treasury should not bear the burden of medical assistance to the extent of such resources." Id. The statute thus goes to great lengths to establish legislative intent to recover 100% of the amount Medicaid has paid where a third-party recovery is available.
The actual distribution scheme for recovery of a Medicaid lien is set out in section 409.910(11)(f), Florida Statutes (1999), as amended. See Ch. 98-191, § 32, Laws of Florida. In pertinent part, the statute provides as follows:
(f) Notwithstanding any provision in this section to the contrary, in the event of an action in tort against a third party in which the recipient or his or her legal representative is a party which results in a judgment, award, or settlement from a third party, the amount recovered shall be distributed as follows:
1. After the attorney's fees and taxable costs as defined by the Florida Rules of Civil Procedure, one-half of the remaining recovery shall be paid to the agency up to the total amount of medical assistance provided by Medicaid.
2. The remaining amount of the recovery shall be paid to the recipient.
3. For purposes of calculating the agency's recovery of medical assistance benefits paid, the fee for services of an attorney retained by the recipient or his or her legal representative shall be calculated at 25 percent of the judgment, award, or settlement.
4. Notwithstanding any provision of this section to the contrary, the agency shall be entitled to all medical coverage benefits up to the total amount of medical assistance provided by Medicaid. For purposes of this paragraph, "medical coverage" means any benefits under health insurance, a health maintenance organization, a preferred provider arrangement, or a prepaid health clinic, and the portion of benefits designated for medical payments under coverage for workers' compensation, personal injury protection, and casualty.
In the present case, Medicaid provided benefits in the amount of $59,655.28 to the now-deceased child of appellee Theresa Lynn Wilson. In a medical malpractice action brought by appellee against University Hospital of Jacksonville, appellee recovered a settlement in the amount of $425,000. Appellee then filed a petition requesting the trial court to determine the amount of the Medicaid lien after reducing the State's claim by a pro rata share of the costs and expenses of the third-party action, including attorney's fees. The trial court agreed with appellee's interpretation and reduced the lien accordingly.
Contrary to appellee's argument, nothing in the statutory distribution scheme suggests that the lien recovery is based upon principles of equity. Such a construction would be contrary to the legislative intent. Instead, the distribution scheme provides, in a fairly straightforward manner, that after fees and taxable costs, "one-half of the remaining recovery shall be paid to the agency up to the total amount of medical assistance provided by Medicaid." § 409.910(11)(f)1., Fla. Stat. (1999). The only provision addressing the subject of attorney's fees provides that, for purposes of calculating AHCA's recovery, attorney's fees shall be calculated at 25% of the judgment, award, or settlement. § 409.910(11)(f)3., Fla Stat. (1999). This provision does not, however, state that the 25% attorney's fees should be deducted from the Medicaid lien. Instead, it allows a reduction of 25% of the judgment, plus taxable costs, before calculating the cap of a Medicaid recovery, which would be one-half of the remaining amount of the judgment, award, or settlement. In this case, *980 after deduction of the 25% attorney's fees, and total amount of costs, one-half of the remaining amount is far greater than the lien claimed. Accordingly, AHCA is entitled to recover 100% of the amount expended by Medicaid. This principle of full recovery is set out at section 409.910(11)(f)4.: "The agency shall be entitled to all medical coverage benefits up to the total amount of medical assistance provided by Medicaid."
Florida has fashioned "a cause of action to recover health care expenditures made on behalf of Floridians and occasioned by the allegedly tortious conduct of others." Agency for Health Care Admin. v. Associated Indus. of Fla. Inc., 678 So.2d 1239, 1243 (Fla.1996), cert. denied, 520 U.S. 1115, 117 S.Ct. 1245, 137 L.Ed.2d 327 (1997). Concerning the Medicaid Third-Party Liability Act, the Florida Supreme Court has warned "the judicial branch must be cautious when evaluating the choices made by the legislative branch as to the appropriate funding for programs it has deemed important to the public welfare." Id. According to that court, we should not limit "the funding options available to the legislature when addressing today's policy problems." Id.
Under the clear wording of the Medicaid statute, and with due regard to the admonitions of the Florida Supreme Court concerning state recovery of Medicaid liens, we conclude that the trial court erred by reading into the statute an intent to allow reduction of the lien by attorney's fees and litigation costs. Accordingly, we REVERSE and REMAND with directions that the trial court allow full recovery of the Medicaid lien in this case.
MINER and WEBSTER, JJ., concur.