PER CURIAM.
AFFIRMED. See Augsberger v. State, 655 So.2d 1202, 1205 (Fla. 2d DCA 1995) (holding that trial court did not abuse discretion in denying motion to continue for purposes of hiring private counsel on eve of trial where defendant had several months to do so and failed to articulate sufficient reasons for his dissatisfaction with appointed counsel); see also Ball v. State, 758 So.2d 1239, 1240 (Fla. 5th DCA 2000) (“[t]his is not a case in which the evidence shows no more than that [the defendant] and others were simultaneously found in proximity to illegal drugs”); Salyers v. State, 705 So.2d 1024, 1026 (Fla. 5th DCA 1998) (Fla.R.Crim.P.3.590(a), requiring motion for new trial to be made in a timely fashion, is jurisdictional); Kirkman v. State, 692 So.2d 318 (Fla. 5th DCA 1997) (unless ineffectiveness of counsel is apparent from the face of the record, issue cannot be considered on direct appeal).
THOMPSON, C.J., GRIFFIN, J., and ORFINGER, M., Senior Judge, concur.