915 So.2d 643 (2005)
Devon E. STRAFFORD and Michael C. Luneke, Individually, and as Co-Personal Representatives of the Estate of Lexi E. Strafford-Luneke, deceased, Appellants,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee.
No. 2D04-5502.
District Court of Appeal of Florida, Second District.
October 7, 2005.
*644 Steven K. Schwartz of Steven K. Schwartz, P.A., Aventura, for Appellants.
D. Finn Pressly and Hala A. Sandridge of Fowler White Boggs Banker, P.A., Tampa, and Floyd B. Faglie of Health Management Systems, Tallahassee, for Appellee.
WALLACE, Judge.
Devon E. Strafford and Michael C. Luneke, individually and as co-personal representatives of the Estate of Lexi E. Strafford-Luneke, deceased (the Co-Personal Representatives), challenge the probate court's order denying their petition for the apportionment of monies received as a result of the settlement of an action for the wrongful death of Lexi E. Strafford-Luneke (the Decedent). The Agency for Health Care Administration (the Agency) objected to the proposed apportionment because it did not provide for the full payment of the Medicaid lien due the State under the Medicaid Third-Party Liability Act, section 409.910, Florida Statutes (2001) (the Act). We affirm because the unambiguous language of the Act requires that the lien be paid in full from the settlement proceeds.
In July 2001, the Decedent was born at a birthing clinic in Collier County. During her birth, the Decedent suffered a lack of oxygen to her brain and remained in a vegetative state until her death on August 3, 2003. She accumulated $74,903.41 in medical bills. The Agency paid these medical expenses through Florida's Medicaid program. § 409.902.
The Co-Personal Representatives  the Decedent's unmarried parents  filed a wrongful death action against the birthing clinic and some of its employees. In the wrongful death action, the Co-Personal Representatives sought, among other things, recovery for the medical expenses paid by Medicaid. Before the Co-Personal Representatives filed the wrongful death action, the Agency notified them several times that it held an outstanding lien on any third-party recovery in the amount of $74,903.41. The Co-Personal Representatives eventually settled the wrongful death action for a single, undivided sum of $485,000.
The Co-Personal Representatives subsequently petitioned the probate court to apportion the settlement amount between the Decedent's estate and the Co-Personal Representatives in their individual capacities. The Co-Personal Representatives calculated that the Decedent's estate should only receive an amount equal to the Decedent's medical expenses  $74,903.41. They contended that their apportionment scheme would trigger the statutory formula reduction contained in section 409.910(11)(f), thereby reducing the Agency's *645 actual recovery from $74,903.41 to $4986.49.[1]
In its objection to the petition, the Agency asserted that its lien attached to the entire settlement, not just the amount allocated to the Decedent's estate. The Agency directed the probate court's attention to multiple provisions of the Act that provide that the lien shall not be reduced, prorated, or applied to only a portion of a settlement. The probate court agreed with the Agency and ruled that the express provisions of section 409.910 prohibited the reduction of the Medicaid lien. In its order denying the petition, the probate court ordered the Co-Personal Representatives to pay the Agency $74,903.41  the full amount of its lien.
The Florida Legislature clearly expressed its intent in enacting the Act in section 409.910(1). Under the statute, Medicaid is to be the "payor of last resort." If benefits of a liable third party become available after Medicaid has provided assistance, Medicaid is to "be repaid in full and prior to any other person, program, or entity." Id. Medicaid is to be repaid in full, "regardless of whether a recipient is made whole or others creditors paid." Id. As the First District said in State, Agency for Health Care Administration v. Wilson, 782 So.2d 977, 979 (Fla. 1st DCA 2001), section 409.910 "goes to great lengths to establish legislative intent to recover 100% of the amount Medicaid has paid where a third-party recovery is available."
Section 409.910(6) provides at least three ways by which the Agency can recover from a third party the expenses it has paid or become liable for under the Medicaid program. First, the Agency is automatically subrogated to any rights that a recipient has to any third-party benefit for the full amount of medical assistance provided by Medicaid. § 409.910(6)(a). Second, the acceptance of Medicaid benefits results in an automatic assignment to the Agency of any right the recipient has to any third-party benefits. § 409.910(6)(b). Third, the Agency is entitled to an automatic lien for the full amount of medical assistance provided. § 409.910(6)(c).
The Act also explicitly addresses the mechanics of the Agency's recovery. Prior to a judgment or settlement, the Agency must be given notice and a reasonable opportunity to file and satisfy its lien. § 409.910(11)(d). Following a settlement, the court is required to segregate an amount sufficient to repay the Agency's expenditures for medical assistance and shall order this amount to be paid directly to the Agency. § 409.910(11)(c). Furthermore, recovery pursuant to the Agency's subrogation rights "shall not be reduced, prorated, or applied to only a portion of a judgment, award, or settlement, but is to provide full recovery by the agency from any and all third-party benefits." § 409.910(6)(a). In fact, a mandatory distribution scheme is contained in section 409.910(11)(f), which provides that after attorney's fees  calculated at twenty-five percent of the judgment or settlement  and costs are deducted, one-half of the remaining recovery shall be paid to the *646 Agency up to the total amount of medical assistance provided.
Under these provisions, the Agency is entitled to recover the full amount of the Medicaid lien from the entire settlement amount subject to the limiting formula in section 409.910(11)(f). Admittedly, the settlement in this case occurred in the context of a wrongful death action in which the recoverable damages for the survivors and the decedent's estate are distinct and limited by section 768.21, Florida Statutes (2003). Even so, the Act's provisions require that the Agency be paid prior to any apportionment between the estate and the survivors. Based on the amount of the settlement, the lien, and the attorney's fees and costs in this case, the distribution scheme in section 409.910(11)(f) entitles the Agency to the full recovery of its Medicaid lien. Because the probate court correctly construed the Act and ordered the Co-Personal Representatives to pay the lien in its entirety, we affirm the order denying the Co-Personal Representatives' petition for apportionment.
Affirmed.
KELLY and VILLANTI, JJ., Concur.
NOTES
[1] The Co-Personal Representatives arrived at the $4986.49 figure they proposed to pay to the Agency in satisfaction of its lien by first allocating $74,903.41 from the lump sum settlement amount to the Decedent's estate as representing the recovery of medical expenses. Next, the Co-Personal Representatives calculated the total of the applicable attorney's fees at twenty-five percent and all of the costs as $64,930.43. After deducting attorney's fees and costs from the amount allocated to the Decedent's estate, the net amount available to the estate was reduced to $9972.98. From this amount, the Co-Personal Representatives proposed to pay one-half, or $4986.49, to the Agency and the balance to the estate.