916 So.2d 994 (2005)
Gerald ENGLICH, Appellant,
v.
AGENCY FOR HEALTHCARE ADMINISTRATION, Appellee.
No. 4D04-4546.
District Court of Appeal of Florida, Fourth District.
December 28, 2005.
*995 Patrice A. Talisman of Hersch & Talisman, P.A., Miami, and Kenneth Bush of Kutner, Rubinoff & Bush, Miami, for appellant.
D. Finn Pressly and Hala A. Sandridge of Fowler, White, Boggs & Banker, P.A., Tampa, and Floyd B. Faglie, Tallahassee, for appellee.
MAY, J.
The interplay between Florida's Wrongful Death Act[1] and Medicaid Third-Party Liability Act[2] set the stage for this appeal. The plaintiff, the personal representative and surviving spouse of the decedent, appeals an order requiring the proceeds of a wrongful death settlement to pay a Medicaid lien in full. He argues the court erred in failing to reduce the amount to be paid to Medicaid because the survivors received only 50% of the total value of their claims. We affirm.
Medicaid paid for health care provided to the decedent. As a result of her death, the plaintiff brought a wrongful death claim on behalf of himself, two children, and the estate against two physicians and the hospital. Medicaid recorded its Claim of Lien in the public records of Palm Beach County and notified the plaintiff, pursuant to the Medicaid Third-Party Liability Act. § 409.910(6)(c), Fla. Stat. (1999).
The plaintiff resolved the third-party claim prior to trial; the court approved the $1,107,500.00 settlement. The estate's claim consisted primarily of the $37,416.83 Medicaid paid for the decedent's health care and the subject of the recorded lien. The plaintiff then filed a motion to allocate the settlement proceeds so that the Medicaid lien would be reduced by half, the same percentage that the settlement proceeds bore to the total amount of the survivors' claims. The plaintiff attached an affidavit attesting that the survivors' loss exceeded two million dollars, but the actual recovery was 1.1 million dollars.
The Agency for Healthcare Administration (AHCA)[3] opposed the motion and argued that under the Medicaid Third-Party Liability Act, the recorded lien attached to the entire settlement, not just the amount attributable to the estate, and that reduction of the lien is prohibited by law. The *996 trial court agreed with AHCA, denied allocation of the Medicaid lien, and ordered that the lien be paid in full.
The plaintiff and AHCA make the same arguments to this court. Because this issue presents a pure question of law, our review is de novo. Agency for Health Care Admin. v. Wilson, 782 So.2d 977, 978 (Fla. 1st DCA 2001).
To support his position, the plaintiff relies on the provisions of, and cases interpreting, the Florida Wrongful Death and Medicare Acts. In doing so, he overlooks controlling authority provided by the Medicaid Third-Party Liability Act. While the wrongful death statute addresses the claims of the decedent's estate and the survivors, it does not address Medicaid liens.
The Florida Wrongful Death Act provides a statutory cause of action against negligent third-parties. The Medicaid Third-Party Liability Act controls Medicaid's right to recover payments made for the provision of medical care to the decedent. We must decide the priority to be given these statutory provisions.
Medicaid, 42 U.S.C. s 1396 et seq., is a federal-state cooperative program that enables participating states to furnish medical assistance to individuals whose economic resources are insufficient to meet the costs of necessary medical care. States electing to participate in the program must submit a plan for approval by the Secretary. Upon approval, the state becomes entitled to federal matching funds to finance the program. Each state has considerable discretion in designing the contours of its program within the guidelines established by 42 U.S.C. s 1396a.
Am. Med. Ass'n v. Mathews, 429 F.Supp. 1179, 1192 (N.D.Ill.1977).
To facilitate the recovery of state funds, and to comply with federal mandate, the Legislature enacted the Medicaid Third-Party Liability Act. See § 409.910, Fla. Stat. (1999); 42 U.S.C. § 1396a(a)(25) (2000); Agency for Health Care Admin. v. Estabrook, 711 So.2d 161, 163 (Fla. 4th DCA 1998). When the Supreme Court of Florida had occasion to determine the constitutionality of the Medicaid Third-Party Liability Act, it warned the judicial branch to "be cautious when evaluating the choices made by the legislative branch as to the appropriate funding for programs it has deemed important to the public welfare. We must avoid unnecessarily limiting the funding options available to the legislature when addressing today's policy problems." Agency for Health Care Admin. v. Associated Indus. of Fla., Inc., 678 So.2d 1239, 1243 (Fla.1996), cert. denied, 520 U.S. 1115, 117 S.Ct. 1245, 137 L.Ed.2d 327 (1997).
To facilitate recovery of third-party benefits, the Act provides that AHCA
is automatically subrogated to any rights that an applicant, recipient, or legal representative has to any third-party benefit for the full amount of medical assistance provided by Medicaid. Recovery pursuant to the subrogation rights created hereby shall not be reduced, prorated, or applied to only a portion of a judgment, award, or settlement, but is to provide full recovery by the agency from any and all third-party benefits.
§ 409.910(6)(a), Fla. Stat. (1999) (emphasis added).
In Wilson, the First District Court of Appeal interpreted subsection (11)(f) of the Act. 782 So.2d at 978. The court reversed a trial court order that had reduced a Medicaid lien by the amount of attorney's fees and costs. Id. at 980. In Estabrook, this court held that Medicaid must be reimbursed *997 in full "even if such liability includes components not financed by Medicaid," such as workers' compensation. 711 So.2d at 166-67.
Given the plain meaning of the statute, and the cases interpreting its provisions, the trial court correctly denied the plaintiff's request to reduce the Medicaid lien proportionately to the amount the survivors' recovery bore to their total claim.
Affirmed.
KLEIN, J., and HOROWITZ, ALFRED, Associate Judge, concur.
NOTES
[1] § 768.16, Fla. Stat. (1999).
[2] § 409.910, Fla. Stat. (1999).
[3] Florida's Medicaid program is authorized under Title XIX of the Social Security Act. § 409.902, Fla. Stat. (1999); see 42 U.S.C. § 1396 (2000). The Agency for Health Care Administration makes the payments for medical assistance and related services for those who qualify. § 409.902, Fla. Stat. (1999).