FLETCHER, Judge.
Ana Ross is the personal representative of the estate of her husband Alexander Ross who sustained fatal injuries in a two-car collision with a car driven by Richard Rebollida, an employee of Equity Financial Corporation. Alexander Ross remained in a coma for several weeks before he died from his injuries.
Pursuant to Florida’s participation in the Medicaid program, the Agency for Health Care Administration [Agency] paid $168,691.58 of Alexander Ross’ medical expenses. In return, the Agency received an automatic lien for the full amount of the medical expenses paid on behalf of Alexander Ross, as provided by Section 409.910(6)(c), Florida Statutes (2002). The Agency filed its lien with the court, putting the personal representative, Ana Ross, on notice of the state’s right to full compensation for the medical expenses it paid on behalf of the decedent, Alexander Ross.
During this time the personal representative brought a wrongful death action against Richard Rebollida and Equity Financial Corporation, which action she settled with the employer for $900,000. The decedent’s uninsured/underinsured policy provided an additional $25,000.
Having received $925,000 in settlement proceeds the personal representative attempted to allocate the sum among the survivors, the attorneys and the Agency, allocating for the Agency an amount that satisfied just 25% of the total Medicaid lien. The trial court granted the allocation with the exception that the court ordered payment to the Agency of the full amount of the Medicaid lien of $168,691.58. This appeal followed.
Contrary to the personal representative’s contention, she does not have the right to allocate the settlement funds in such a manner that the Agency receives less than the full amount of its expenditures for medical assistance. Strafford v. Agency for Health Care Admin., 915 So.2d 643 (Fla. 2d DCA 2005) (“Following a settlement, the court is required to segregate an amount sufficient to repay the Agency’s expenditures for medical assistance and shall order this amount to be paid directly to the Agency.”). The Wrongful Death Act does not alter this requirement. Englich v. Agency for Healthcare Admin., 916 So.2d 994 (Fla. 4th DCA 2005).[1]
Accordingly the trial court’s allocation order is affirmed.

. We note that pursuant to Section 409.910(1 l)(f)(l), Florida Statutes (2002), Medicaid is to be fully reimbursed unless full reimbursement would take away more than half of a third party benefit. Such is not the case here.